[No. 6262.]
## WELSH v. ALLEN et al.

APPEAL — ORDER — JUDGMENT — SUBSTITUTION OF PARTIES.—An order substituting a party plaintiff is not a final judgment, as between the contesting parties, nor is it an appealable order.

MOTION to dismiss an appeal from an order substituting the respondent for the appellant, as plaintiff in an action, in the Fifteenth District Court, County of Contra Costa. DWINELLE, J.

The facts are stated in the opinion.

*B. S. Brooks*, for Respondent.

The order was made under § 385 Code Civ. Proc., and is interlocutory, and not an appealable order. (Code Civ. Proc. §§ 939, 963; *Johnston* v. *Dopkins*, 6 Cal. 83; *Juan* v. *Ingoldsby*, Id. 440; *DeBarry* v. *Lambert*, 10 Id. 503; *Baker* v. *Baker*, Id. 527; *Brooks* v. *Calderwood*, 19 Id. 124; *Ketchum* v. *Crippen*, 31 Id. 365; *Hastings* v. *Cunningham*, 35 Id. 553; *Hibberd* v. *Smith*, 39 Id. 145; *Agard* v. *Valencia*, Id. 292.)

*W. H. Tompkins*, for Appellant.

The order appealed from is a final determination of the rights of the plaintiff; that is to say, it is a final judgment. (Code Civ. Proc. §§ 577–582; *Belt* v. *Davis*, 1 Cal. 134; *Dowling* v. *Polack*, 18 Id. 625; *Leese* v. *Sherwood*, 21 Id. 151.) But if the position taken by respondent's counsel is correct, that the order is interlocutory, this being an action of partition, the order is appealable. (Code Civ. Proc. § 939, subd. 3.)

Department No. 2, SHARPSTEIN, J.:

The transcript on appeal consists of a notice of motion to have Isaac Levy substituted as plaintiff in the place of appellant Welch, copies of affidavits in support of and in opposition to said motion, the order granting the motion, notice of appeal from that order, undertaking, stipulation as to service of notice of appeal, filing of undertaking, and waiving the printing of

complaint and answers in the transcript. A motion is made to dismiss the appeal, on the ground, among others, that as it does not appear that the order was made after judgment, no appeal lies from it.

Treated in that light, the order is certainly one from which no appeal will lie. But it is contended on behalf of appellant, that, by whatever name it be called, it is in effect a final judgment as between appellant and respondent. We cannot concur in this view of it. But if we did, another difficulty of equal magnitude would confront us. The transcript before us does not contain a copy of the judgment roll, or of a bill of exceptions, or of a statement in the case. (Code Civ. Proc. § 950.) If this were an appeal from a final judgment, and we had the judgment roll before us, we could not consider any affidavits, unless they were embodied in a bill of exceptions, or statement settled in due form.

Appeal dismissed.

THORNTON, P. J., and MYRICK, J., concurred.