| 59 | 55 |
| 85 | 150 |
| 59 | 55 |
| 168s | 257 |

CORNELIUS J. VOORHIS, Appellant, v. WESTERN UNION
BUILDING AND LOAN ASSOCIATION *et al.*,
Defendants.

St. Louis Court of Appeals, October 9, 1894.

1. **Practice, Appellate**: FINALITY OF JUDGMENT OF TRIAL COURTS. An appeal from a judgment on demurrer in favor of one of several defendants, which leaves the cause pending as to the others, is premature and must be dismissed. Nor can jurisdiction of the appeal be acquired by the continuance of the hearing therein until after the rendition of final judgment against such other defendants by the trial court.

2. ———: APPEAL FROM INTERLOCUTORY JUDGMENTS: EFFECT OF ACT OF 1891. The act of 1891 in relation to appeals from interlocutory judgments applies only to the cases enumerated in it.

*Appeal from the St. Louis City Circuit Court.*—HON.
JAMES E. WITHROW, Judge.

APPEAL DISMISSED.

*R. M. Nichols* for appellant.

*Kehr & Tittman* for respondent Jacob Reiss.

ROMBAUER, P. J.—The plaintiff sued the defendant Reiss and others jointly. Reiss interposed a demurrer to the petition, which the court sustained. The other defendants took time to answer. After the demurrer of Reiss was sustained, the plaintiff declined to plead further, whereupon judgment was entered against him in favor of defendant Reiss. The judgment entry made no disposition of the other defendants, nor did the plaintiff dismiss as to them. From the judgment thus entered the plaintiff appealed, and

the defendant now moves to dismiss the appeal because the judgment entry makes no disposition of the other defendants, and hence is not a final judgment within the contemplation of the statute.

The motion is well taken. We decided in *Caulfield v. Farish*, 24 Mo. App. 110, that an appeal from a judgment on demurrer in favor of one of several defendants, leaving the cause pending as to the others, is premature and must be dismissed. The appellant claims that the law has been changed since that decision, and that by the law of 1891 (Session Acts 1891, p. 70), appeals can now be taken from judgments which are not final. The proper construction of that law authorizes appeals from interlocutory judgments only in the cases enumerated therein, and in no others.

The appellant also suggests that we should continue the cause, and give him an opportunity to finally dispose of the other defendants in the lower court before the next term of this court. We can not see how anyone can confer jurisdiction on an appellate tribunal by a novel species of a plea *puis darrein continuance*. If this were feasible, one might appeal from any order at any stage of the proceedings in the trial court, and, upon a motion to dismiss his appeal, pray the court to continue it until he had tried his cause and obtained a final judgment in the trial court. The question before us is not whether we will have jurisdiction of a cause hereafter appealed, but whether we have jurisdiction of the cause pending before us on appeal now. Being of opinion that we have no such jurisdiction, we can not continue the appeal but are bound to dismiss it. All the judges concurring, the appeal is dismissed.