[S. F. No. 2268. Department Two.—September 19, 1902.]

## M. NOLAN, Appellant, v. G. CANNING SMITH et al., Defendants; G. O. PACKARD, and EUGENE BROWN, Respondents.

UNLAWFUL IMPRISONMENT—ACTION AGAINST JUSTICE OF THE PEACE—DISMISSAL AS TO SURETIES—PREMATURE APPEAL.—A judgment upon demurrer in an action against a justice of the peace and the sureties upon his official bond, dismissing the action as to the sureties, and leaving it still pending against the justice, is not a final judgment disposing of the merits of the whole case, and an attempted separate appeal from the judgment of dismissal in favor of the sureties is premature, and must be dismissed upon motion.

ID.—FINALITY OF JUDGMENT.—A judgment for costs only for or against any one of the parties, plaintiff or defendant, is not a final judgment. There must be an express adjudication of the subject-matter of controversy as to all of the parties plaintiff and all of the parties defendant; otherwise, there is no final disposition of the matters litigated between the parties.

DISMISSAL OF APPEAL from a judgment of the Superior Court of Mendocino County. James M. Mannon, Judge.

The facts are stated in the opinion of the court.

McGarvey & Bledsoe, for Appellants.

Seawell & Pemberton, for Respondents.

McFARLAND, J.—The defendant Smith was a justice of the peace, and defendants Packard and Brown were sureties on his official bond. The action was brought against all three defendants to recover damages for an alleged unlawful imprisonment of plaintiff by the defendant Smith. Smith demurred

to the complaint, and his demurrer was overruled, and, from all that appears, the action is still pending against him. Packard and Brown also demurred to the complaint, and their demurrer was sustained; and plaintiff, declining to amend, what purports to be a judgment for costs was entered in their favor. From this judgment plaintiff appeals.

Respondents object to the hearing of the appeal, and contend that it should be dismissed because the purported judgment from which plaintiff attempts to appeal does not dispose of the whole case, and is not therefore a final judgment from which an appeal can be taken. We think that this contention must prevail. It is clear that the appeal does not lie unless the action of the court below appealed from is a "final judgment" within the meaning of section 939 of the Code of Civil Procedure; and the conclusion that it is not such a final judgment seems to be unavoidable.

The question has not, to our knowledge, been before this court in the exact form in which it is presented in the case at bar,—that is, where the objection was, that the judgment appealed from did not finally dispose of the rights of all the parties to the action. But this court has given definitions of the phrase "final judgment" which seem to exclude from that category the so-called judgment in the case at bar. In *Stockton etc. Works* v. *Glens Falls Ins. Co.*, 98 Cal. 577, the court say: "The judgment or decree of December 19, 1890, denying to defendant the relief demanded in what is termed his cross-complaint was not a final judgment, and the attempted separate appeal therefrom must be dismissed. There can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it was entered, and finally determines the rights of the parties in relation to the matter in controversy. (Elliott's Appellate Procedure, secs. 90, 91; *Western Union Tel. Co.* v. *Locke*, 107 Ind. 9.)" (See, also, *Fox* v. *Hale & Norcross Co.*, 112 Cal. 571; *Peck* v. *Vandenberg*, 30 Cal. 22, and cases there cited; *Welsh* v. *Allen*, 54 Cal. 211.) Mr. Freeman, in his work on Judgments, says that appellate courts will not review cases by piecemeal, and that "the general rule recognized by the courts of the United States and by the courts of most, if not all, the states, is, that no judgment or decree will be regarded as final within the meaning of the statutes in reference to appeals, unless all issues of

law and fact necessary to be determined were determined, and the case completely disposed of, so far as the court had power to dispose of it."

In other jurisdictions the question seems to have been definitely settled in favor of respondents' contention. The case of *Caulfield* v. *Farrish*, 24 Mo. ·App. 110, is almost exactly like the case at bar. There Dockery, one of the defendants, had demurred to the complaint and the other defendants had answered. His demurrer had been sustained, and plaintiffs having declined to amend, judgment had been entered in favor of Dockery for his costs, etc.; and from that judgment plaintiff had appealed. The supreme court of Missouri dismissed the appeal, and said: "Although the case has been submitted to us on the merits of the demurrer on both sides, without any question as to whether an appeal will lie, we must take the course of dismissing the appeal. The general rule is, that there can be but one final judgment, and consequently but one appeal in a cause." And the court said further: "It was error on the part of the trial court to enter what purports to be a final judgment in favor of the defendant Dockery, without disposing of the other defendants. In the state of the record the court could not make a final disposition as to the other defendants, because as to them the case stood upon petition and answer. The court should have made an interlocutory order as to Dockery, and proceeded to try the case as to the other defendants." In *Voorhis* v. *Western Union etc. Assn.*, 59 Mo. App. 55, the court held: "An appeal from a judgment on demurrer in favor of one of several defendants, which leaves the case pending as to the others, is premature and must be dismissed." What seems to be the prevailing rule on the subject is clearly expressed by the civil court of appeals of Texas, in *Gulf City St. Ry. etc. Co.* v. *Becker*, 23 S. W. Rep. 1015, as follows: "A final judgment is one which disposes of the matters in litigation between all the parties before the court when the judgment is rendered. A judgment for costs only, for or against any one of the parties, plaintiff or defendant, is not a final judgment. There must be an express adjudication of the subject-matter of controversy as to all of the parties plaintiff and all of the parties defendant; otherwise, there is no final disposition of the matters litigated between the parties." The same rule is declared by the

supreme court of Illinois, in *Hutchinson* v. *Ayres,* 117 Ill. 558; *Bucklin* v. *City of Chicago,* 166 Ill. 451; and *Dreyer* v. *Goldy,* 171 Ill. 434; and also by the supreme court of Tennessee, in *Lang* v. *Ingalls Zinc Co.,* 99 Tenn. 476. In *Watkins* v. *Mason,* 11 Or. 72, a demurrer of one of the defendants, Mary Mason, had been sustained, and some time afterwards there had been a final judgment in favor of the other defendant, and on appeal by plaintiff there was a motion to dismiss the appeal as to Mary Mason on the ground that the appeal had not been taken within the statutory time after the sustaining of the demurrer; but the supreme court of Oregon denied the motion to dismiss, and said: "In this court a motion was filed to dismiss the appeal as to Mary Mason because not taken within six months from the judgment on the demurrer, although within six months of the determination of the case as to O. P. Mason. The cases hold, however, that an appeal lies only when the controversy as to all the parties to the action has been finally determined." The same rule has also been declared by the supreme court of the United States. (See *National Bank of Rondout* v. *Smith,* 156 U. S. 330; *Meagher* v. *Minnesota Thresher Co.,* 145 U. S. 608, and cases there cited; *United States* v. *Girault,* 11 How. 22.)

The appeal is dismissed.

Temple, J., and Henshaw, J., concurred.