[S. F. No. 4978. In Bank.—June 24, 1908.]

ANGLO-CALIFORNIAN BANK, LIMITED, Plaintiff, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO, and HON. J. V. COFFEY, one of the Judges thereof, Defendants.

WRIT OF REVIEW—ORDER DIRECTING PAYMENT TO RECEIVER OF INSOLVENT BANK—FINAL ADJUDICATION—REMEDY BY APPEAL.—A writ of review will not lie to annul an order directing the payment of money by the plaintiff to a receiver of an insolvent bank, notwithstanding the claims of third parties to part of the funds who had been allowed to intervene, where the order, however erroneous, was in effect a final adjudication of the rights of all parties, an appeal from which will afford the petitioner for the writ an adequate remedy.

ID.—APPEALABLE ORDER IN EXCESS OF JURISDICTION.—An appealable order, even if in excess of jurisdiction cannot be reviewed in *certiorari* proceedings.

APPLICATION for Writ of Review to an order of the Superior Court of the City and County of San Francisco. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Jesse W. Lilienthal, for Petitioner.

E. De Los Magee and J. V. De Laveaga, for Respondents.
CLIII Cal.—48

ANGELLOTTI, J.—Upon the petition of plaintiff filed in this court, a writ of review was issued commanding defendants to certify to this court, in order that the same might be reviewed, a transcript of the record and proceedings culminating in an order of said superior court requiring plaintiff to pay to Edward J. Le Breton, as receiver of the California Safe Deposit & Trust Company, an insolvent corporation, $47,637.55 held by it as the agent of said insolvent at the time of the adjudication of insolvency. The claim of plaintiff was that such order was in excess of the jurisdiction of the court and, therefore, void. Defendants duly certified to this court a transcript of such record and proceedings, and the matter has been submitted for decision.

It appears from the record that in a proceeding instituted in said superior court under the Bank Commission Act, by the people of the state of California by the attorney-general against said California Safe Deposit & Trust Company and its directors, judgment was given on January 14, 1908, decreeing said corporation insolvent, ordering it into involuntary liquidation and appointing Edward J. Le Breton as receiver thereof to take possession of all its property and to do all things necessary in the liquidation of its affairs. Plaintiff, a banking corporation, was at such time an agent of the insolvent corporation for certain purposes, and as such agent had in its possession $94,469.23, carried on its books to the credit of said insolvent. The receiver having demanded an accounting of plaintiff as to the money in its possession belonging or credited to the insolvent, plaintiff on January 22, 1908, rendered an account showing the above facts. On January 24, 1908, plaintiff notified the receiver that it had received written notice from the partnership firm of Stewart & McKee that said firm claimed that $3,349.77 of said sum was its own property and was not the property of the insolvent, and that plaintiff must not pay the same or any part thereof to the receiver. On the same day, it also notified the receiver of the receipt of a similar notice from the Western Pacific Railway Company as to $44,287.78. Solely because of said claims by said third parties, and not claiming any beneficial interest on its own part, plaintiff refused to pay to the receiver any part of either of the said amounts, and paid only the balance of said $94,469.23—viz. $46,831.68. These facts having been

brought to the knowledge of the superior court by written petition by the receiver, said court made its order to show cause directed to plaintiff, neither of said third persons being made parties thereto, requiring it to show cause on February 26, 1908, why an order should not be made requiring the payment by plaintiff to the receiver of said amounts. On February 25, 1908, said firm of Stewart & McKee filed their petition in intervention in the proceeding pending in said superior court, setting up the facts upon which it based its claim to the $3,349.77, and asking for an order decreeing the same to be its property and directing the receiver to direct plaintiff to pay the same to it, or directing plaintiff to make such payment. The court on the same day made its order allowing said Stewart & McKee to file said petition and intervene in the matter. By order of the court, a citation was thereupon issued to the receiver and plaintiff requiring them to show cause on March 18, 1908, why said petition should not be granted. Before the date so fixed—viz. on March 3, 1908, the court, after a hearing on the order to show cause based on the receiver's petition, made its order requiring plaintiff to forthwith pay said amount, together with the $44,287.78 claimed by the Western Pacific Railway Company, to the receiver. This is the order which plaintiff seeks to have annulled in this proceeding.

We can see no good answer to the claim made by defendants in their brief to the effect that plaintiff had the right to appeal from the order complained of, and that, therefore, the writ of review was improperly issued. It is, of course, not disputed that if a party has the right of appeal from an order made in excess of jurisdiction, he cannot have such order reviewed in *certiorari* proceedings. Such is the express provision of our statute (Code Civ. Proc., sec. 1068), and it has been uniformly so held by this court. That an order of the character of the one under consideration is generally appealable by one affected thereby who is a party to the record is practically conceded by learned counsel for plaintiff, and it must be under the decisions of this court. The theory upon which the decisions sustain such right of appeal by such a party from such an order is that the order is in effect a final judgment against him in a collateral proceeding growing out of the action—is so far independent of the suit itself as to

be substantially a final decree for the purposes of an appeal, although there has been no final decree in the suit. (See *Grant* v. *Superior Court,* 106 Cal. 324, [39 Pac. 6Q4]; *Grant* v. *Los Angeles etc. Ry. Co.,* 116 Cal. 71, [47 Pac. 872]; *Los Angeles* v. *Los Angeles etc. Co.,* 134 Cal. 121, [66 Pac. 198].) Plaintiff's position on the merits is that by reason of the claim made against it by the third parties as to this money, it cannot safely pay the same to the receiver except in pursuance of some judgment or order made in a proceeding to which such claimants are parties, and that it is entitled either to retain the money until such controversy is determined, or to pay the money into a court having jurisdiction thereof, to abide such determination. The order in question is a final adjudication against plaintiff upon these matters. Its effect, if valid, is to require plaintiff to forthwith pay such money to the receiver, and finally deprive it of possession thereof without securing it against the claims of such third parties. It is clearly within the class of orders referred to in the cases last cited. Plaintiff was, of course, a party to the record, so far as such collateral proceeding was concerned, having been brought in as such a party by the order to show cause, and is fully within the rule of *Elliott* v. *Superior Court,* 144 Cal. 506, [103 Am. St. Rep. 102, 77 Pac. 1109], in regard to parties entitled to appeal.

It is claimed, however, that this order is not now appealable, because there has been no final determination on the petition of Stewart & McKee as to $3,349.77 of said money, filed by leave of the court and which had not been heard at the time of the making of the order. The rule invoked is the one applied in *Nolan* v. *Smith,* 137 Cal. 360, [70 Pac. 166], to the effect that a judgment is not a final judgment within the meaning of section 939 of the Code of Civil Procedure relative to appeals, unless it be one which finally disposes of the rights of all the parties to the action in relation to the matter in controversy, and thus, in effect, ends the proceeding in the court in which it is entered. Assuming in aid of plaintiff that the intervention of Stewart & McKee was made in the collateral proceeding instituted by the receiver for the obtaining of the possession of the money from plaintiff, rather than in the main proceeding pending in the superior court, the rule invoked has no application here. The order

did finally determine the rights of all the parties, including such interveners, in relation to the matter in controversy. It was such a disposition of the whole subject-matter of the controversy as to completely dispose of the petition of the interveners, and deny them the relief sought thereby. The mere fact that it was made before the day set for a hearing on the intervener's petition and without any such hearing, however erroneous such a course may have been, does not change the situation. The whole controversy was regarding the present disposition of the money in the possession of plaintiff. The receiver claims that it should be forthwith delivered to him by plaintiff, the interveners claim that $3,349.77 thereof should be paid to them by plaintiff and sought an order requiring such payment, and the plaintiff claimed that it should not be required to deliver up the money to the receiver in the face of the adverse claim made by the interveners, until the question of ownership had been determined. The order made purported to dispose of this whole controversy by decreeing immediate payment by plaintiff of the whole amount to the receiver, and, in effect, ended in the superior court the particular proceeding under consideration. We are satisfied that it must be held to be an adjudication of the subject-matter of the controversy as to all of the parties thereto.

It follows from what we have said that the writ of review was improperly issued.

The writ is discharged and the proceeding dismissed.

Sloss, J., Shaw, J., Henshaw, J., and Lorigan, J., concurred.

Rehearing denied.