[L. A. No. 3559. In Bank.—October 28, 1916.]

MALCOLM BAXTER, Jr., Appellant, v. CHARLES A. BOEGE et al., Respondents.

FINAL JUDGMENT — APPEAL — ACTION TO AVOID DEED — JUDGMENT IN FAVOR OF SUBSEQUENT PURCHASERS.—In an action in equity to avoid an administrator's deed, brought against the administrator and subsequent purchasers from his grantee and mortgagees claiming under them, a default judgment entered in favor of such subsequent purchasers upon sustaining their demurrer to the complaint, dismissing the action as to them, is a final judgment from which an appeal by the plaintiff will lie.

ID.—FINAL JUDGMENT AFFECTING SEPARATE PARTIES.—Any set of parties whose interests are identical must have the controversy as to them settled before any final judgment may be entered. No given set of parties may try the case piecemeal, but separate parties, if the court in its discretion so directs, may litigate their controversies separately and may proceed to final judgment without waiting for judgments as to other parties.

CANCELLATION OF ADMINISTRATOR'S DEED—IRREGULARITIES IN APPOINTMENT OF ADMINISTRATOR—LACK OF EQUITY.—A complaint by the

assignee of the heirs of a deceased person seeking to avoid a deed of the administrator of the estate for alleged irregularities in the legal proceedings resulting in his appointment lacks equity, when it appears therefrom that the appointment was made upon the request of the husband of the deceased, one of her heirs at law, and one of the plaintiff's assignors.

ID.—COLLATERAL ATTACK—INFORMALITIES IN ISSUANCE OF LETTERS.— Such an action is a collateral attack upon the title of those claiming under the administrator's deed, in which the plaintiff cannot take advantage of mere informalities in the issuance of letters of administration.

ID.—JUDGMENT IN PROBATE DIRECTING CONVEYANCE BY ADMINISTRATOR. A judgment directing the conveyance of real property by an administrator acting under the direction of the superior court exercising its probate jurisdiction after letters have been issued to him, cannot be collaterally attacked.

ID.—FRAUDULENT ADMINISTRATOR'S DEED—BONA FIDE PURCHASERS.—An administrator's deed, executed in pursuance of an order of the court in probate for the specific performance of an alleged contract for the sale of the land, notwithstanding it was procured through the fraudulent conduct of the administrator and his immediate grantee, cannot be avoided as against subsequent *bona fide* purchasers for value, without notice, actual or constructive, of the fraud.

ID.—NOTICE OF FRAUD—INSUFFICIENT FACTS TO PUT ON INQUIRY.—The facts that the administrator joined with the vendee under the contract of sale in the petition for the specific performance of the contract, and that the same attorney acted for both in the matter of the petition, were insufficient to put such subsequent purchasers upon inquiry as to the fraud.

APPEAL from a judgment of the Superior Court of Orange County. Frank F. Oster, Judge presiding.

The facts are stated in the opinion of the court.

A. W. Ashburn, Jr., and H. C. Head, for Appellant.

F. C. Spencer, for Respondent George Vandenberg.

Williams & Rutan, for Respondents Boege.

MELVIN, J.—Plaintiff, as assignee of the heirs of Christina E. Romer, brought a suit in equity to avoid the effect of a deed by which the defendant Chester Spencer, as administrator of the said Christina E. Romer's estate, sought to

convey certain real property of the said estate to one Emma
M. Hunter. Respondents Charles A. and Louise Callow
Boege and George Vandenberg are claimants to the title of
Emma M. Hunter under subsequent conveyances. All of the
said respondents demurred to plaintiff's amended complaint.
Their demurrers were sustained and, plaintiff declining to
amend, judgment was entered accordingly against him and
in favor of the three respondents. This judgment was that
plaintiff take nothing as against respondents; that respondents
be awarded costs; and that as to them the action be dismissed.
The defendant Chester Spencer filed a demurrer to the
amended complaint but the record reveals no action thereon
by the court. Answers were filed by German-American Bank,
Frank L. Eastman, and Minnie H. Eastman. The bank
asserted a lien upon the property as mortgagee of Emma M.
Hunter, and the Eastmans based their claim of interest in the
property upon a mortgage in their favor by the Boeges.

Plaintiff has appealed from the judgment and respondents
have moved to dismiss the appeal upon the ground that no
final judgment has been entered, and that therefore the at-
tempted appeal is not from an appealable judgment.

We are of the opinion that the motion to dismiss the appeal
should be denied. Respondents insist that, since no judg-
ment will be regarded as final unless all necessary issues of
law and fact have been determined and the case completely
disposed of (citing Freeman on Judgments, 4th ed., sec. 34),
plaintiff can have no right of appeal until all of the defend-
ants shall have suffered some sort of judgment against them
or in their favor. There is no question of the correctness
of the rule announced by Judge Freeman, but it does not
apply to this case. Appellant cites *Stockton Combined Har-
vester etc. Works* v. *Glens Falls Ins. Co.*, 98 Cal. 557, [33
Pac. 633], which was an action on a contract, in which de-
fendant answered and filed a cross-complaint, which plaintiff
answered. Judgment was entered upon the issues raised by
the cross-complaint and the answer thereto, which were tried
first. The other issues in the case being undisposed of, this
court held that the judgment upon the issues raised by the
cross-complaint and the answer thereto was not an appeal-
able final judgment. In the opinion in that case it was said:
"The judgment or decree of December 19, 1890, denying to
defendant the relief demanded in what is termed its cross-

complaint, was not a final judgment, and the attempted separate appeal therefrom must be dismissed. There can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it is entered, and finally determines the rights of the parties in relation to the matter in controversy.'' It will appear at a glance that the question there presented was not like the one before us here. In that case there were but two parties to the action, and it was of course necessary to determine all of the matters in litigation between them. In the case at bar the controversy between the plaintiff and the respondents was adjudicated and determined upon issues of law, and it does not necessarily follow that because the matters between plaintiff and defendants, other than these respondents, remain undetermined, respondents must therefore await trial of all issues involved between plaintiff and all other defendants before any final judgment may be entered and an appeal from it taken. In *Nolan* v. *Smith*, 137 Cal. 360, [70 Pac. 166], the action was against Smith, a justice of the peace, and the two sureties on his official bond. The court sustained a demurrer of the sureties to the complaint and entered a judgment in their favor for costs. The demurrer of Smith was overruled and the action was still pending against him. The appeal of plaintiff from the judgment in favor of the two sureties was dismissed upon the ground that the judgment was not final because all of the issues of fact necessary to be adjudged had not been determined. In that case the asserted liability of the defendants was joint and several, and it was held that only one final judgment might be given in the action. In other words, the rule is that any set of parties whose interests are identical must have the controversy as to them settled before any final judgment may be entered. No given set of parties may try the case piecemeal, but separate parties, if the court in its discretion so directs, may litigate their controversies separately and may proceed to final judgment without waiting for judgments as to other parties. Section 579 of the Code of Civil Procedure is as follows: ''In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper.'' In *Anglo-California Bank* v. *Superior Court*, 153 Cal. 753, [96 Pac. 803], it appeared that the

superior court had made an order that certain money held by plaintiff be paid to the receiver of the California Safe Deposit & Trust Company. It was contended that the order was not appealable because it failed to consider the rights of certain interveners and was not, therefore, final. The court said: "The rule invoked is the one applied in *Nolan* v. *Smith,* 137 Cal. 360, [70 Pac. 166], to the effect that a judgment is not a final judgment within the meaning of section 939 of the Code of Civil Procedure relative to appeals, unless it be one which finally disposes of the rights of all the parties to the action in relation to the matter in controversy, and thus, in effect, ends the proceeding in the court in which it is entered. . . . The whole controversy was regarding the present disposition of the money in the possession of plaintiff. The receiver claims that it should be forthwith delivered to him by plaintiff, the interveners claim that $3,349.77 thereof should be paid to them by plaintiff, and sought an order requiring such payment, and the plaintiff claimed that it should not be required to deliver up the money to the receiver in the face of the adverse claim made by the interveners, until the question of ownership had been determined. The order made purported to dispose of this whole controversy by decreeing immediate payment by plaintiff of the whole amount to the receiver, and, in effect, ended in the superior court the particular proceeding under consideration. We are satisfied that it must be held to be an adjudication of the subject matter of the controversy as to all of the parties thereto." (See, also, *Hildebrand* v. *Superior Court, ante,* p. 86, [159 Pac. 147].)

The court has power to render a several judgment by default against one of two joint tort-feasors and allow the action to proceed against the other. (*Cole* v. *Roebling Construction Co.,* 156 Cal. 443, [105 Pac. 255].)

The judgment in the case at bar in favor of respondents is not inextricably connected with the claims of the mortgagees nor with the asserted delinquencies of Chester Spencer. If plaintiff has failed in his attempt to set aside the deeds to the respondents, the Boeges and Vandenberg, it makes no difference who assert rights as mortgagees of their interest. It is our opinion, therefore, that the judgment entered after default of plaintiff (who declined to amend his complaint after the sustaining of the demurrer by the court), is a final judgment,

from which an appeal will lie, and that the motion of respondents to dismiss the appeal herein should be denied.

We now come to the discussion of the demurrers. The plaintiff's bill is very elaborate. It contains three counts, in which plaintiff, as representative of the heirs of Christina E. Romer, deceased, attacks the validity of the title of respondents to certain land in Orange County acquired by proceedings taken in accordance with sections 1597–1607, inclusive, of the Code of Civil Procedure. It is averred that Chester Spencer, assuming to act as administrator of the estate of Romer, executed the conveyance of said property to Emma M. Hunter. In the first count the death of Mrs. Romer in New York in 1910 is pleaded. It is further averred that she left the property here in dispute and that it was of her separate estate; that for more than two years prior to her death she had been mentally incompetent; that plaintiff has for many years resided in New York and never has lived in California; that proceedings were had in Orange County resulting in the making of an order by the court purporting to appoint Chester Spencer administrator of the estate of Christina E. Romer; that the proceedings and order were void because (1) the petition for letters of administration was not signed by Spencer or his attorney, and because (2) the notice of hearing recited that William H. Romer, the husband of Christina E. Romer, had applied for the issuance of letters to himself, whereas, in truth, he had asked that letters be issued to Chester Spencer; that plaintiff and his assignors had no actual notice of the proceeding; that Chester Spencer assumed to qualify and act as administrator; that thereafter an order was made by the court directing the administrator to convey the land to Mrs. Hunter; and that respondents claim title as successors of said grantee.

The second count contains averments of a conspiracy between Spencer, his attorney, and Emma M. Hunter to present a petition to the court praying for an order authorizing the administrator to convey the land to said Emma M. Hunter, and that pursuant to said conspiracy Mrs. Hunter filed such a petition setting forth certain untrue allegations, among them being a false statement that Mrs. Romer had contracted to sell the property to her. Other facts are alleged which need not be set out in detail, and it is averred that the administrator entered his appearance, waived notice, and joined in the

fraudulent petition. It is alleged that plaintiff was ignorant of the conspiracy and of the fraudulent acts done and committed in furtherance thereof until a few days prior to the commencement of the action, and that he had no knowledge of the application for a conveyance until the same time, antedating the filing of his bill in equity by a few days.

The third count pleads that defendants had knowledge sufficient to put prudent persons upon inquiry regarding the correctness of the proceedings in probate and the authority of the administrator to execute the conveyance; that actual knowledge of the facts might have been acquired by defendants by the exercise of due diligence on their part; that the alleged copy of the contract of sale which was attached to Hunter's petition was of a document calculated to arouse suspicion regarding its genuineness in the mind of any person who might read it; that no original nor purported original contract was produced; that F. C. Spencer acted as attorney for both the administrator and Hunter; that no appraisement of the property was had at the time of the hearing of the petition; and that if such appraisal had been made, it would have convinced the court that Mrs. Hunter obtained an unconscionable advantage by the enforcement of the supposed contract.

The demurrers were properly sustained. One great fault of the bill is that it lacks equity in this, namely, that plaintiff attacks the appointment of Spencer as administrator, but pleads that such appointment was upon the recommendation of William H. Romer, one of the heirs at law, and one of his assignors. But there are other reasons why the demurrer should have been sustained.

This action is a collateral attack upon the title of respondents. It is not denied that deceased was a nonresident of California; that she died intestate; that William H. Romer was her surviving husband who had the right to nominate an administrator of her estate; and that the court did appoint his nominee. In such an attack as this the plaintiff is in no position to take advantage of informalities in the issuance of letters. The appointment of Spencer is attacked because the petition for letters was not signed by the "applicant" but by his nominator, William H. Romer, and because the notice stated that Romer had prayed for issuance of letters to himself. But the jurisdiction is pleaded, and the issuance of

letters to Chester Spencer is alleged as well as facts showing that he acted in the capacity of administrator under the direction of the court. As against collateral attack, these facts, set up by the pleading itself, are conclusive of Spencer's due authority. (*Ganahl* v. *Soher,* 68 Cal. 95, [8 Pac. 650]; *Dennis* v. *Bint,* 122 Cal. 39, [68 Am. St. Rep. 17, 54 Pac. 378]; *Estate of Davis,* 151 Cal. 318, [121 Am. St. Rep. 105, 90 Pac. 711].) This court has recently held that where a guardian was possessed of letters issued under a judgment of a court of general jurisdiction, such judgment may not be collaterally attacked. (*Fresno Estate Co.* v. *Fiske; Fiske* v. *Fresno Estate Co.,* 172 Cal. 583, [157 Pac. 1127.) The same rule applies to a judgment directing the conveyance of real property by an administrator acting under the direction of the superior court exercising its probate jurisdiction after letters have been issued to him. It has been held that the decree appointing an administrator may not be collaterally attacked even though it appear that he failed to comply with the requirements of the statute with reference to his bond. (*Abrook* v. *Ellis,* 6 Cal. App. 451, 454, [92 Pac. 396].)

In any view of the case there was not sufficient allegation of the purchase by Mr. and Mrs. Boege with knowledge, actual or constructive, of the fraud. The same may be said with reference to the averments concerning George Vandenberg. The learned judge of the superior court who tried the case, in rendering his decision, spoke of this phase of the pleading in part as follows:

"There is absolutely nothing alleged in the complaint to show that the Boeges acted in anything except the utmost good faith in this transaction, or that there was anything within their knowledge to put them upon inquiry as to the alleged fraudulent conspiracy. Presumably before purchasing they caused an examination to be made into the title of the property which they contemplated buying; if so, they found an apparently valid decree directing the administrator to convey this property to Emma M. Hunter in specific performance of the contract under which she claimed that right; the record disclosed absolutely nothing to indicate that there had been a fraud practiced on the court. To be sure, the record showed that Chester Spencer, as administrator, joined with Emma M. Hunter in her petition for specific performance instead of taking the attitude of an adversary, but he might with

propriety have made the application himself (sec. 1598, Code Civ. Proc.), or, if he believed it to be for the best interest of the estate, he might with no seeming impropriety join in the petition for specific performance. If again there was no adversary position between Emma M. Hunter and the administrator in this matter, the mere fact that F. C. Spencer acted as attorney for both in what appeared to be a friendly proceeding was not indicative of any fraud, however questionable it may have been as a matter of legal ethics. In any event, an examination of the record would show that all of these matters were before the probate court at the time the petition for specific performance was heard, and the decree of that court was an adjudication of the regularity of the proceeding and all matters antecedent thereto. Under these circumstances, the Boeges must be held to be purchasers for value in good faith, and without notice of any infirmity of title of Emma M. Hunter, their grantor.''

No other matters discussed in the briefs require comment.

The motion to dismiss the appeal is denied. The judgment is affirmed.

Henshaw, J., Lorigan, J., Shaw, J., Sloss, J., Lawlor, J., and Angellotti, C. J., concurred.

Rehearing denied.