[S. F. No. 11872.  In Bank.—April 27, 1926.]

OLGA HOWE, Respondent, v. KEY SYSTEM TRANSIT CO. (a Corporation) et al., Defendants; J. E. COMPTON, Appellant.

[S. F. No. 11888.  In Bank.—April 27, 1926.]

MARVIN HOWE, Respondent, v. KEY SYSTEM TRANSIT CO. (a Corporation) et al., Defendants; A. M. HOBSON, Appellant.

[S. F. No. 11889.  In Bank.—April 27, 1926.]

HELEN LAWRY, Respondent, v. KEY SYSTEM TRANSIT CO. (a Corporation) et al., Defendants; H. HAMMA, Appellant.

[S. F. No. 11890.  In Bank.—April 27, 1926.]

LESTER MILLER (a Minor), etc., Respondent, v. KEY SYSTEM TRANSIT CO. (a Corporation) et al., Defendants; T. V. VAN DALSEM, Appellant.

[1] JUDGMENTS—DIFFERENT PARTIES—RIGHT TO SEPARATE FINAL JUDGMENT.—The rule that there can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it is entered, and finally determines the rights of the parties in relation to the matter in controversy, can only have application to parties to an action whose interests are identical; and separate parties, if the court in its discretion so directs, may litigate their controversies separately, and may proceed to final judgment without waiting for judgments as to other parties.

[2] ID.—RIGHT TO APPEAL—CHARACTER OF ORDER OR JUDGMENT.—In determining the character of an order or judgment, as affecting the right of appeal, the question is not what the form of the order or judgment may be, but what its legal effect is, which question is to be determined by the substance and effect of the adjudication.

[3] ID.—FINAL JUDGMENT—APPEAL.—The right of appeal from orders, where that right does not rest upon the express provisions of section 963 of the Code of Civil Procedure, is based upon the fact

1.  See 2 Cal. Jur. 140.
2.  See 2 Cal. Jur. 137.

that the order is in effect a final judgment against a party in a collateral proceeding growing out of the action and is so far independent of the suit itself as to be substantially a final decree for the purpose of an appeal, although there °has been no final decree in the suit.

[4] ID.—PARTIES.—The fact that a particular judgment may not be binding upon all the parties to the action does not prevent it from being a final judgment within the code provisions relating to appeals.

[5] ID.—ACTION FOR NEGLIGENCE—CROSS-COMPLAINT—ORDER STRIKING OUT — APPEAL. — In an action for damages for personal injuries sustained by a passenger on a railroad train alleged to have occurred through the negligence of the defendants, resulting in a collision between the cars of the two defendant railroad companies, where members of the train crew of one of the railroads appeared under the designations of John Doe defendants and filed cross-complaints in which they set up that the other defendant railroad was guilty of negligence resulting in personal injuries to them, and asked for damages, orders striking the cross- complaints out, upon motions of the plaintiff, are in effect final as to these defendants, and are therefore appealable.

---

(1) 33 **C. J.**, p. 1129, n. 56 New; 38 **Cyc.**, p. 1269, n. 18.   (2) 3 **C. J.**, p. 445, n. 63.   (3) 3 **C. J.**, p. 451, n. 8 New.   (4) 3 **C. J.**, p. 464, n. 67 New.   (5) 3 **C. J.**, p. 464, n. 67.

MOTION to dismiss appeals from orders striking out cross-complaints.   Denied.

The facts are stated in the opinion of the court.

Dunne, Brobeck, Phleger & Harrison, Dunne, Dunne & Cook and A. B. Dunne for Defendant Key System Transit Co., and Appellants Compton, Hobson, Hamma and Van Dalsem.

Jesse H. Steinhart, John J. Goldberg and Bradley & Supple for Defendant San Francisco-Sacramento Railroad Co.

Daniel A. Ryan for Respondents.

WASTE, C. J.—The plaintiffs and respondents in the four actions above entitled have moved to dismiss appeals, taken

---

4.  See 2 **Cal. Jur.** 141.

by a different defendant in each case, from an order striking out the particular defendant's cross-complaint. All the motions were before the court, and were argued and submitted at the same time. The actions are for damages for personal injuries and grew out of the same accident. The pleadings are the same, in so far as any question presented by the motions is concerned. The complaint in each case charged that the plaintiff, while a passenger on a train of the Key System Transit Company, was injured by reason of a collision between that train and a car of the defendant San Francisco-Sacramento Railroad. The collision happened on the tracks of the Key System Transit Company, and is alleged to have occurred by reason of the negligence of each of the two railroad companies defendant in the operation and maintenance of their railroads and railroad systems, and in the operation of the train and car involved in the accident. Each plaintiff joined with the railroad companies defendant some forty fictitious defendants, designated as First Doe to Fortieth Doe. Eleventh Doe to Twentieth Doe, inclusive, it is alleged, were in charge of and were negligent in the operation of the train of the Key System Transit Company upon which plaintiff was a passenger. The two railroad companies appeared separately in the actions, and filed answers to the complaints. Four members of the train crew of the Key System train were injured in the collision. They also appeared in the actions and answered, alleging themselves to be designated Doe defendants. They were Compton, who answered and cross-complained in the case in which Olga Howe is plaintiff; H. Hamma, who did the same in the case of Helen Lawry, plaintiff; T. V. Van Dalsem, in the case of Lester Miller, plaintiff; and A. M. Hobson, in the case in which Marvin Howe is plaintiff. These defendants not only answered the complaint in the action in which each appeared, denying its material allegations, but cross-complained against the defendant San Francisco-Sacramento Railroad. It is alleged in each of the cross-complaints that the cross-complainant was employed by the Key System Transit Company, and, as such employee, was engaged in operating the train upon which the plaintiff in the action was a passenger; that due to the negligence of the San Francisco-Sacramento Railroad in the operation of its car, that car collided with the train

of the Key System Transit Company, and, as a result, the cross-complainant was injured. Each cross-complainant therefore prayed for damages against the defendant San Francisco-Sacramento Railroad.

The plaintiffs in the four cases served on the cross-complaining defendants notices of motion to strike the cross-complaints from the files. The grounds of the motion were that the cross-complaints were not and did not purport to be cross-complaints against the plaintiffs; that the same were not in fact cross-complaints, and that a cross-complaint does not lie in such actions. Before the motion came on to be heard the cross-complainants were granted leave to and did amend their cross-complaints to make it more fully appear that the accident relied upon in the cross-complaints was the same accident which formed the basis of the plaintiffs' causes of action. The court granted the motions of the plaintiffs, and the cross-complaints, as amended, were stricken from the files. The orders were duly entered in the minutes of the court and the cross-complainants filed notices of appeal. No other form of judgment was entered, and the actions are still undetermined. The plaintiffs in the various actions now move to dismiss the appeals on the ground that an appeal does not lie from an order striking a cross-complaint from the files.

Section 963 of the Code of Civil Procedure provides that an appeal may be taken from a superior court (1) from a final judgment entered in an action, or special proceeding; (2) from certain specified orders; (3) from certain judgments or orders in probate proceedings. An order striking out a cross-complaint is nowhere designated in the section as an appealable order, and respondents insist, in support of their motion, that such an order is not a final judgment within the meaning of subdivision 1, but is, rather, an interlocutory order from which no appeal is provided. The "final judgment," from which an appeal may be taken under the section, they contend, is "the ultimate or last judgment which puts an end to the suit or proceeding" (citing *In re Smith's Estate,* 98 Cal. 636, 640 [33 Pac. 744]; *Gianelli* v. *Briscoe,* 40 Cal. App. 532 [181 Pac. 105]; *Nolan* v. *Smith,* 137 Cal. 360 [70 Pac. 166]; *Doudell* v. *Shoo,* 159 Cal. 448 [114 Pac. 579]). They have placed much stress upon the language of this court in *Stockton etc. Works*

v. *Glen's Falls Ins. Co.*, 98 Cal. 557 [33 Pac. 633], where
the court held the judgment or decree denying to the de-
fendant the relief demanded, "in what is termed its cross-
complaint," was not a final judgment, and the separate
appeal therefrom was dismissed. The court said (p. 577):
[1] "There can be but one final judgment in an action,
and that is one which in effect ends the suit in the court
in which it is entered, and finally determines the rights
of the parties in relation to the matter in controversy."
But that case, and others cited by respondents to the same
effect, can only have application to parties to an action
whose interests are identical. Separate parties, if the court
in its discretion so directs, may litigate their controversies
separately, and may proceed to final judgment without waiting
for judgments as to other parties. (*Baxter* v. *Boege,*
173 Cal. 589, 592 [160 Pac. 1072]; *Rocca* v. *Steinmetz,* 189
Cal. 426 [208 Pac. 964].)

In the Baxter case, *supra,* the plaintiff brought an action
against a number of defendants. Three of them demurred
to plaintiff's amended complaint. Their demurrers were
sustained, and, the plaintiff declining to amend, judgment
was entered against him in favor of the three demurring
defendants that, as to them, the action be dismissed. An-
other defendant filed a demurrer, and answers were filed
by a number of others. The plaintiff appealed from the
judgment dismissing the three defendants from the action.
The respondents moved to dismiss upon the ground that
the appeal was not taken from an appealable judgment.
They insisted that no judgment will be regarded as final
unless all necessary issues of law and fact have been de-
termined and the case completely disposed of (citing Free-
man on Judgments in support of their contention). In
denying the motion to dismiss, this court distinguished
*Stockton etc. Works* v. *Glen's Falls Ins. Co., supra,* relied
on by respondents, saying (173 Cal. 592 [160 Pac. 1073]):
"It will appear at a glance that the question there presented
was not like the one before us here. In that case there
were but two parties to the action, and it was of course
necessary to determine all of the matters in litigation be-
tween them. In the case at bar the controversy between
the plaintiff and the respondents was adjudicated and de-
termined upon issues of law, and it does not necessarily

follow that because the matters between plaintiff and defendants, other than these respondents, remain undetermined, respondents must therefore await trial of all issues involved between plaintiff and all other defendants before any final judgment may be entered and an appeal from it taken." The case of *Nolan* v. *Smith, supra,* also relied on by the moving parties here, was distinguished as merely applying the rule "that any set of parties whose interests are identical must have the controversy as to them settled before any final judgment may be entered." The court cited section 579 of the Code of Civil Procedure to the effect that, in an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper; and held that the judgment dismissing the three demurring defendants from the action was a final judgment from which an appeal would lie, and the motion to dismiss was denied.

The case of *Rocca* v. *Steinmetz, supra,* more recently decided, has a close bearing on the case now before us, in that no formal judgment was entered, the order appealed from being, as our records show, merely an order of the trial court dismissing an action as to one of the defendants after demurrer to complaint sustained and refusal of the plaintiff to amend. The plaintiff appealed from the order, and the respondent moved to dismiss on the ground that an appeal does not lie from a judgment against one of two joint tort-feasors before the final trial of the action on its merits. It was held (189 Cal. 428 [208 Pac. 965]) that the action was unquestionably of a character in which a joint or several judgment could be rendered, and where the trial court, upon finding that one of the parties was not liable in the action, could render a judgment in his favor, and then leave the action to proceed against the other parties; and that to hold the plaintiff bound to wait until the final judgment against the party remaining in the action before taking an appeal from the judgment in favor of the first defendant already rendered is wholly unreasonable and finds no warrant in any provision of the code. "Such a judgment," said the court, "is final within the meaning of that term, as given in section 963." The motion to dismiss the appeal was accordingly denied.

[2]   It was originally provided in this state that no ap-
peal should lie to the supreme court from any but a final
judgment.   (Practice Act, sec. 258, Stats. 1850, 428, 451.)
Section 144 of the Practice Act of 1851 adopts the provision
of section 245 of the New York code, and defines a judg-
ment to be "the final determination of the rights of the
parties in an action or proceeding," which is the exact
definition now found in section 577 of the Code of Civil
Procedure.   Yet as early as the first volume of the reports,
and continuing down to the more recent decisions of this
court, the rule has been held to be that the question, as
affecting the right of appeal, is not what the form of the
order or judgment may be, but what is its legal effect.   (*Belt
v. Davis,* 1 Cal. 135; *Zoller* v. *McDonald,* 23 Cal. 136;
*Phillips* v. *Pease,* 39 Cal. 582; *Dollenmayer* v. *Pryor,* 150
Cal. 1 [87 Pac. 616]; *Estate of West,* 162 Cal. 352 [122
Pac. 953]; *Baxter* v. *Boege, supra; Rocca* v. *Steinmetz,
supra.)*   "The question is not to be determined by technical
definition and verbal criticisms on the terms and phrases
in which judgments have been or may be expressed, but is
to be determined by the substance and effect of the adju-
dication in question."   (2 Cal. Jur. 137; *Los Angeles* v.
*Los Angeles City Water Co.,* 134 Cal. 121 [66 Pac. 198];
*Anglo-Californian Bank* v. *Superior Court,* 153 Cal. 753 [96
Pac. 803]; *Hildebrand* v. *Superior Court,* 173 Cal. 86 [159
Pac. 147].)

[3]   The theory upon which the decisions sustain the right
of appeal from orders, where that right does not rest upon
the express provisions of section 963, is that the order is in
effect of final judgment against a party in a collateral pro-
ceeding growing out of the action—is so far independent
of the suit itself as to be substantially a final decree for
the purpose of an appeal, although there has been no final
decree in the suit.   (*Anglo-Californian Bank* v. *Superior
Court,* 153 Cal. 753, 755 [96 Pac. 803]; *Los Angeles* v.
*Los Angeles City Water Co., supra; Hildebrand* v. *Superior
Court, supra.)*   In *Dempsey* v. *Underhill,* 156 Cal. 718
[106 Pac. 73], it was held that an order dismissing an
"action and the whole thereof" constituted a final judg-
ment within the meaning of the provisions of the code
touching appeals, in that it finally and entirely disposed of
the whole case.   To the same effect is *Marks* v. *Keenan,*

140 Cal. 33 [73 Pac. 751], where it was held that, as an order dismissing an action on the ground that service of summons had not been made in time was "essentially a final judgment, it should be so treated for the purpose of appeal." An order dismissing an action in ejectment as to certain defendants was held to be, when entered, "a final judgment in the cause, which was itself appealable." (*Tripp* v. *Santa Rosa St. R. R.*, 69 Cal. 631 [11 Pac. 219].) In *Sharon* v. *Sharon*, 67 Cal. 185, at page 196 [7 Pac. 456], the court said, referring to an order for the payment of alimony and counsel fees, "a final judgment is not necessarily the last one in an action. A judgment that is conclusive of any question in a case is final as to that question. The Code provides for an appeal from *a* final judgment, not from *the* final judgment in an action."

In *Dollenmayer* v. *Pryor, supra,* the respondent objected to the consideration of an appeal from an order of the superior court denying an application for leave to intervene. The contention was that the appeal was premature and that the party seeking to appeal from the order should await final judgment between the original parties and appeal from that judgment; or, at all events, should procure the entry of a more formal judgment denying the motion and appeal after such entry. The court said (150 Cal. 3 [87 Pac. 616]): "We can perceive no merit in this objection. The record shows that the order, or judgment, denying the application to intervene was entered before the appeal was taken. It clearly shows that the court had determined the right of the intervener, and declared that [he] should not intervene in the action, and that his proposed complaint should not be filed therein. The most verbose statement could not state the determination more accurately or effectually. So far as the intervener and his rights in that action were concerned, it was final. We see no good end to be secured by requiring him to await judgment between the other parties after a trial in which he could not participate. It ended the litigation as to him, and he should be allowed an immediate appeal." (Citing cases.) (See, also, *Stich* v. *Goldner,* 38 Cal. 608, 610.) The principles which govern cross-complaints are, to a great extent, those which apply to matters in intervention. (*East*

*Riverside etc. Dist.* v. *Holcomb,* 126 Cal. 315, 319 [58 Pac. 817].)

[4] The circumstance that a particular judgment may not be binding upon all the parties to the action does not prevent it from being a final judgment within the code provisions relating to appeals. (2 Cal. Jur. 141.) In the present case, the issues tendered by the cross-complaints, which were stricken from the files, are entirely severable from the issues made by the complaints and answers. As a practical matter, however, a scrutiny of the pleadings in the cases will show that proof of the facts put in issue between the plaintiffs and defendants would, if the cross-complaints were in the cases, support all the allegations of the cross-complaints with the exception of those with reference to the injuries suffered by the particular cross-complainant. Appellants have filed their cross-complaints under the authority found in section 442 of the Code of Civil Procedure as amended in 1923, which provides that "whenever the defendant seeks affirmative relief against any party, relating to or depending upon the . . . happening or accident upon which the action is brought . . . he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint." They contend that the section gives them the right to cross-complain in order that they may take care of the situation in which they find themselves in the present cases; that, to avoid a multiplicity of litigation and duplication of trials and issues and facts, they have the right to follow the procedure which the lower court, by its order, has prevented; that, unless they have the right to an immediate appeal, their rights are lost, for, if they must wait until a final determination of the whole action in the lower court before taking the appeal, a reversal of the order striking their cross-complaints from the files would, in effect, amount to only a hollow victory. [5] We are of opinion that the situation presented here is not one in which the interests of the parties to the action are identical, but is one falling reasonably within the application of the rule of construction adopted in *Baxter* v. *Boege, supra.* The filing of the cross-complaints were proceedings in the actions commenced by the filing of the complaints, and it is contended were authorized by statute, the design of which is to enable all

matters in dispute between the parties, relating to or depending upon the happening or accident upon which the actions were brought, to be determined in a single action, and by a single judgment which shall give the defendants seeking it such affirmative relief as they are entitled to. By its action the trial court has, in effect, dismissed the appealing defendants from the actions in so far as they have a right to have their claims for affirmative relief determined therein and adjudicated by single judgments. In that regard the cases are ended as to them and they are no longer before the court. In effect, their dismissal is complete. To hold that they are bound to wait until the final judgment in the respective actions before taking appeals from the orders, which are substantially final judgments as to them, seems to be as wholly unreasonable as the same contention was declared to be in *Rocca* v. *Steinmetz, supra.*

The motions to dismiss the appeals are denied.

Shenk, J., Richards, J., Seawell, J., Curtis, J., Lennon, J., and Lawlor, J., concurred.