Dolores Pérez Marchand, Plaintiff and Appellant, *v.* Eduardo Garrido Morales, Commissioner of Health et al., Respondents and Appellees.

No. 7293. Argued April 7, 1936.—Decided May 20, 1936.

*Alberto S. Poventud* for appellant. *B. Fernández García, Attorney General,* and *T. Torres Pérez, Deputy Attorney General,* for appellees.

Mr. Justice Travieso delivered the opinion of the court.

The plaintiff-appellant requested the District Court of San Juan to review a decision rendered by the Puerto Rico Civil Service Commission in a proceeding filed before said Commission under the provisions of section 28 of the Civil Service Act (Act No. 88 of 1931). Said section in its pertinent part reads as follows:

"Section 28.—*Removals.*—No person holding an office or place in the classified service, shall be removed or discharged except for just cause, upon written charges, and after an opportunity to be heard in his own defense. Such charges may be filed by any superior officer or any citizen, and shall, within thirty days after filing, be heard, investigated and determined by the Commission or by some person or board appointed by the Commission to hear, investigate and determine the same.

" . . . . . . . .

"Nothing herein contained shall limit the power of any appointing officer to suspend or dismiss a subordinate for any cause which will promote the efficiency of the service, upon filing with the Commission written reasons for such action and giving the person whose removal is sought reasonable notice of the same and of any charges preferred against him, and an opportunity to answer the same in writing, and to file with the Commission such proper evidence as

he may deem necessary in his defense. . . The decision of the Commission may, within the thirty days following service of notice thereof on the prejudiced party, be reviewed by the District Court of San Juan upon an application for review on which the District Court may consider all the issues of fact and of law brought up therein, judgment to be rendered by said court within the thirty days following the hearing of the case. *Said judgment shall be final. . .*" (Italics ours.)

It should be noted that the English text of said section reads: "Said judgment shall be final."

The motion before us states that on February 6, 1936, the district court rendered a decision affirming the one rendered by the Civil Service Commission holding that the proceedings followed by the Commissioner of Health to remove the plaintiff-appellant from office had complied with the law; that in accordance with section 28 of the Civil Service Act, *supra,* the judgment rendered by the district court was final; that the right to appeal is a statutory right and there is no law granting to the appellant in the case at bar the right to appeal to this court; and that the present appeal is unauthorized and without legal force and should, therefore, be dismissed.

The question that we must determine is: Has a public employee who has been removed from office the right to appeal to the Supreme Court to review the judgment rendered by a district court affirming a decision of the Civil Service Commission sustaining the legality and validity of the removal?

Our decision will depend on our interpretation of the words "said judgment shall be final," and *"sentencia que será definitiva,"* which appear respectively in the English and Spanish texts of section 28 of the Civil Service Act, *supra,* and section 295 of the Code of Civil Procedure.

The appellant maintains that there is no word or phrase in the text of section 28 of the Civil Service Act to show an intention on the part of the lawmaker to deprive the party aggrieved by the judgment of the district court of his right

to appeal to this Supreme Court, granted by section 295 of the Code of Civil Procedure (1933 ed.); and that the appellant in the case at bar has a right to prosecute the appeal taken, inasmuch as the judgment appealed from is a final (*definitiva*) judgment of the District Court of San Juan.

The Code of Civil Procedure provides (italics ours):

"Sec. 295.—An appeal may be taken to the Supreme Court from a District Court:

"1. *From a final judgment in an action or special proceeding commenced in the court in which the same is rendered,* within one month after the entry of judgment.

"2. *From a judgment rendered on an appeal from an inferior court,* within fifteen days after the entry of such judgment, should the value of the property claimed or amount of the judgment not including products and interest thereon exceed three hundred dollars ($300)."

The first condition required by the code in order that a judgment of a district court rendered in an action or proceeding filed before it, shall be appealable to the Supreme Court is that the judgment must be a "final (*definitiva*) judgment."

The Supreme Court of California held in construing section 939 of the Code of Civil Procedure of said State, which is equivalent to section 295 of ours, that:

"There can be but one final judgment in an action, *and that is one which in effect ends the suit in the court in which it was entered,* and finally determines the rights of the parties in relation to the matter in controversy. *Stockton etc. Works* v. *Glens Falls Ins. Co.,* 98 Cal. 577.

"What seems to be the prevailing rule on the subject is clearly expressed by the civil court of appeals of Texas, in *Gulf City St. Ry. etc. Co.* v. *Becker,* 23 S. W. Rep. 1015, as follows: 'A final judgment is one which disposes of the matters in litigation between all the parties before the court when the judgment is rendered. . . . There must be an express adjudication of the subject-matter of controversy as to all of the parties plaintiff and all of the parties defendant; otherwise, there is no final disposition of the matters litigated between the parties.' " *Nolan* v. *Smith,* 137 Cal. 360. (Italics ours.)

The appellant bases her alleged right to appeal to this court on the provisions of section 295 of the Code of Civil Procedure, *supra*. The appellee argues that the right to appeal in the instant case does not exist, on the ground that the judgment appealed from was not rendered in an action or special proceeding commenced in the District Court of San Juan, but in a special proceeding taken before the Civil Service Commission.

According to section 295 of the Code of Civil Procedure, an appeal may be taken to the Supreme Court from a final (*definitiva*) judgment rendered by a district court in the following cases and within the following limitations:

1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered, within one month after the entry of judgment.

2. From a judgment rendered on an appeal from an inferior court, within fifteen days after the entry of such judgment, should the value of the property claimed or amount of the judgment not including products and interest thereon exceed three hundred dollars ($300).

In the case of *Venegas* v. *Court,* 41 P.R.R. 108, a municipal employee removed from office by a mayor, appealed to the district court, and the latter reversed the decision of the mayor. The mayor appealed to the Supreme Court, and as the Municipal Law does not provide for a second appeal, the appellant invoked in support of his appeal section 295 of the Code of Civil Procedure. This court held:

"This was not an action or special proceeding commenced in the district court. The proceeding originated in the mayor's office. The judgment of the district court was rendered on appeal from the order made by the mayor. There is nothing to show that 'the value of the property claimed or amount of the judgment' exceeded three hundred dollars. There is nothing to show that any property was claimed. The judgment was not for any amount. There is nothing to show that any amount was involved.

"The judgment of the district court was not appealable. . . . "

Subsequently, in the case of *Venegas* v. *District Court,* 41 P.R.R. 469, this court reconsidered its decision rendered in the case of *Venegas* v. *District Court, supra,* and said (italics ours):

"It is true that the mayor, in passing upon charges preferred by himself or by another and in removing administrative officers of the municipality, acts in a *quasi-judicial* capacity, *but as the executive and administrative head of the municipality he is also an interested party.* If the so-called appeal be regarded as a special proceeding commenced in the district court, not as an ordinary appeal from the decision of a lower court, the mayor, when ordered by the district court to re-instate the administrative officer whom he has removed from office is an aggrieved party within the meaning of section 294 of the Code of Civil Procedure. Such an order is in substance and in effect a writ of mandamus, and there is no more reason why the mayor should be deprived of his right of appeal in the one case than in the other."

In the case at bar, the *special proceeding* in which the District Court of San Juan rendered the judgment appealed from, was instituted by the appellant in the Puerto Rico Civil Service Commission which is composed of three members. The Commissioner of Health, respondent and appellee, is not part of that commission nor does he interfere in its decisions; he is an interested party in the outcome of the complaint presented to the Civil Service Commission, within the purview of section 294 of the Code of Civil Procedure, but he is not, and could not have been, as was the mayor in the case of *Venegas* v. *District Court, supra,* a judge of his own actions. The ground on which this court relied to allow the appeal in the above-cited case, namely, that the person that rendered the decision was both a party and judge in the proceedings, does not exist in the case at bar inasmuch as the judgment appealed from was rendered in a proceeding originally taken before a commission exercising quasi-judicial functions, and not a proceeding originally instituted in the district court that rendered the judgment appealed from.

We must hold, therefore, that the judgment is not appealable under the provisions of subdivision 1, section 295 of the Code of Civil Procedure.

Let us see now whether an appeal lies under the provisions of subdivision 2 of the above-mentioned section.

The functions exercised by the Civil Service Commission by virtue of section 28 of the statute that governs its acts, are functions of a judicial nature. The appointing officer files with the commission the written reasons for the removal of the subordinate officer, and the latter also presents in writing his defense against the charges brought against him. After the issue has thus been joined, the commission proceeds to examine the evidence introduced by either party and to render a decision sustaining or annulling the removal of the subordinate officer. The party aggrieved by the decision may apply to the District Court of San Juan for a review of the questions of fact and of law raised in the proceeding.

From what has been said it may clearly be seen that the procedure provided by the Civil Service Act to determine the legality or illegality of the removal of a public officer, is of a judicial or quasi-judicial nature inasmuch as it requires the filing of written allegations, the introduction of evidence, and the rendering of a decision in favor of either one of the contending parties. It can not be denied that in the taking of said proceeding the commission acts as a quasi-judicial organization and not as an administrative body. It might be argued that the judgment rendered by the district court in reviewing a proceeding had before the Civil Service Commission, *is a judgment rendered on appeal from an inferior court,* and as such, appealable to this Supreme Court, in accordance with the provisions of subdivision 2, of the said section 295; and we would be inclined to uphold that theory and to allow an appeal in a case like the one at bar were it not for the fact that we think that from the very statutory provisions that we are discussing it clearly appears that such was not the intention of the lawmaker.

The above-cited subdivision 2 speaks of *a judgment rendered on appeal and not a final (definitiva) judgment rendered on appeal.* It is evident that the legislative intention was that any judgment rendered by a district court on appeal from a judgment of a municipal court should be appealable to this Supreme Court, provided the amount involved exceeded $300.

If the lawmaker had intended to grant to the officer removed a further appeal to this Supreme Court, there would have been no need of saying, as he did, that a judgment rendered by the district court in a proceeding to review a decision of the Civil Service Commission shall be *final (definitiva).* The intention to grant a second appeal would have been stated with more clearness and precision, instead of using the words "said judgment shall be final," without which there might successfully be invoked the right to a further appeal in accordance with subdivision 2, section 295 of the Code of Civil Procedure.

We can not assume that the lawmaker used meaningless language or words having no practical purpose.

Section 292 of the Code of Civil Procedure provides:

"A judgment or order in a civil action, *except when expressly made final,* may be reviewed as prescribed in this Code, and not otherwise." (Italics ours.)

We are bound to arrive at the conclusion that the lawmaker specifically intended to impart to the judgment of the district court the nature of a "final" *(definitiva)* judgment in the sense in which this term is used in the said section 292, so as to make the decision unappealable and put an end to the controversy. See *Enjuto* v. *People,* 49 P.R.R. 13.

Moreover, it would be of no avail to the appellant in this case that we should acknowledge her right to appeal to this court, under the provisions of subdivision 2 of section 295 of the Code of Civil Procedure. From the record herein it appears that the judgment appealed from was rendered and

entered on February 6, 1936, and that the notice of appeal was filed in the office of the clerk of the district court on March 6, 1936, or thirty days after the judgment had been entered. The above-mentioned subdivision provides that the appeal must be taken within the term of fifteen days after the entry of judgment. That term had already expired when the present appeal was taken.

The motion to dismiss the appeal must be sustained.