LEOPOLDO VENEGAS, ALCALDE DE COAMO, peticionario, *v.* LA CORTE DE DISTRITO DE PONCE, HON. ROBERTO H. TODD, JR., JUEZ, demandada.

No. 697.—*Sometido:* Marzo 3, 1930. *Resuelto:* Mayo 31, 1930.

*Guerra Mondragón & Soldevila,* abogados del peticionario; *Leopoldo Tormes* y *Manuel A. Rivera,* abogados del funcionario destituído, interventor.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La sección 29 de la Ley Municipal, según fué enmendada en 1928, leyes de ese año, página 357, dispone lo siguiente:

"Los funcionarios administrativos sólo podrán ser removidos de sus puestos por el Alcalde, y de esta decisión podrá apelar en un solo efecto, el funcionario perjudicado para ante la Corte de Distrito correspondiente, la cual deberá considerar y resolver las cuestiones de hecho y derecho envueltas en la apelación dentro de un plazo no mayor de 30 días desde la radicación de la demanda en apelación."

La cuestión principal que el peticionario trata de suscitar en el presente caso es si la apelación que se interponga contra la sentencia de una corte de distrito en un caso de esta naturaleza surte o no los efectos de un *supersedeas*. Una cuestión preliminar es si la sentencia de la corte de distrito dictada en apelación de la orden de un alcalde decretando una destitución, es a su vez apelable. De no serlo, no puede haber cuestión de *supersedeas*.

La Ley Municipal no dispone una segunda apelación.

El artículo 295 del Código de Enjuiciamiento Civil (Compilación de 1911, sección 5338) lee en parte como sigue:

"Podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito en los casos siguientes:

"1. (Enmendado según la ley de 11 de marzo de 1908, pág. 50). De una sentencia definitiva pronunciada en un pleito o procedimiento especial, comenzado en la corte que la hubiere dictado, dentro de un mes después de haberse registrado la sentencia.

"2. (Enmendado según la ley de 9 de marzo de 1905, pág. 213). De una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, dentro de los quince días después de registrada dicha sentencia, si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos o intereses, excediera de trescientos dollars."

No se trataba aquí de un pleito o procedimiento especial comenzado en la corte de distrito. El procedimiento se originó en la oficina del alcalde. La sentencia de la corte de distrito fué dictada en la apelación de una orden del alcalde. Nada hay que demuestre que "el valor de la cosa

reclamada o cuantía de la sentencia'' excediera de trescientos dólares. Nada hay que demuestre que se reclamara propiedad alguna. La sentencia no era por suma alguna. Nada hay que revele que estuviera envuelta cantidad alguna de dinero.

El caso de *Coll* v. *Todd, Alcalde,* 35 D.P.R. 625, no va al grano. Aquél fué un procedimiento instado en la corte de distrito. En el de *Gutiérrez Vélez* v. *Monclova,* 39 D.P.R. 911, la cuestión aquí envuelta no fué discutida ni considerada. Esta cuestión no aparecía claramente de la faz de la petición de *certiorari* en el presente caso. De lo contrario, el auto no hubiese sido expedido.

La sentencia de la corte de distrito no era apelable, y la radicación de un escrito de apelación no surtió el efecto de un *supersedeas.*

*Debe anularse el auto expedido.*

El Juez Asociado Señor Texidor no intervino.