14

María del Rosario Enjuto, peticionaria y apelante, *v.* El Pueblo de Puerto Rico, opositor y apelado.

No. 7069.—*Sometido:* Junio 24, 1935. *Resuelto:* Noviembre 6, 1935.

*Carlos J. Torres Labordc,* abogado de la apelante; *R. A. Gómez* y *Tulio Rodríguez, Fiscales del Tribunal Supremo y de la Corte de Distrito de Guayama,* respectivamente, abogados de El Pueblo, apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

La Corte de Distrito de Guayama removió la tutora y ordenó se cancelara la inscripción de la tutela. El Fiscal de Distrito solicita la desestimación del recurso, fundándose en que el decreto de remoción es inapelable de conformidad con los términos del artículo 198 del Código Civil (edición de 1930).

■■■ La apelante admite que con anterioridad a 1904 no podía apelarse, mas sostiene que el artículo 198 del Código Civil fué derogado por la sección 295 del Código de Enjuiciamiento Civil, que autoriza una apelación ''de una sentencia definitiva pronunciada en un pleito o procedimiento especial

comenzado'' en una corte de distrito. Sin embargo, el artículo 295 debe ser interpretado en armonía con el artículo 292 del mismo código, que lee así:

"Una sentencia o providencia, dictada en un pleito civil, excepto cuando hubiere adquirido expresamente el carácter de definitiva, podrá ser revisada de acuerdo con lo prescrito en este Código, y de ningún otro modo.''

En *Sharon* v. *Hill*, 26 Fed. 337, 389 (1885), la Corte de Circuito del Distrito de California, dijo:

". . . Se dice que las sentencias son definitivas en dos sentidos: definitivas en lo que a la corte que las dictó se refiere, para que sean apelables; y definitivas *en lo que concierne al asunto que da lugar a la sentencia, a fin de que la misma no esté sujeta a ulterior consideración o modificación por el tribunal que la dictó, o en cualquier otro*. Esta distinción ha sido claramente reconocida por la ley de este Estado al igual que en todas partes.

"En Hills v. Sherwood, 33 Cal. 478, la corte a este respecto dice:

" 'Una sentencia puede ser una adjudicación definitiva en diversos aspectos. Puede ser definitiva en lo que a la corte que la dictó concierne, *sin ser definitiva* en lo atinente al asunto en controversia. 'El último decreto de una corte inferior es definitivo en lo que a la facultad de esa corte se refiere, *pero no en lo que a la propiedad en sí concierne,* a menos que exista un allanamiento.' U. S. v. The Peggy, 1 Cranch 103. Aunque una sentencia puede ser definitiva en lo que respecta a la corte que la dictó, y como tal puede ser apelable, sin embargo, no es definitiva en lo que respecta a la *propiedad o derechos por ella afectados,* mientras esté sujeta a una apelación y propensa a ser revocada.'

"Según el código, 'una sentencia es la *decisión definitiva sobre los derechos de las partes* en un pleito o procedimiento,' (Código de Enjuiciamiento Civil, artículo 577), es decir, definitiva en lo que al asunto en controversia se refiere. El código reconoce la distinción existente entre las sentencias que son definitivas en cuanto al asunto en controversia y definitivas en lo que a las cortes que las dictan se refiere. Así pues, el artículo 936 del Código de Enjuiciamiento Civil dispone que 'una sentencia o providencia, dictada en un pleito civil, *excepto cuando hubiera adquirido expresamente el carácter de definitiva, según este código,* podrá ser revisada de acuerdo con lo prescrito en este título, y de ningún otro modo.' *'Cuando hubiera adquirido expresamente el carácter de definitiva,* según este código,'

significa, desde luego, definitiva en lo que al asunto en controversia se refiere, definitiva y concluyente en lo que a los derechos de las partes en el litigio concierne. Pero el artículo 939 provee que 'podrá establecerse apelación (1) de una sentencia definitiva pronunciada en un pleito,' etc.; '(2) de una providencia concediendo o denegando un nuevo juicio.' Véase también el artículo 963. Según estos artículos es igualmente obvio que la palabra 'definitiva' significa definitiva en el otro sentido—'definitiva' tan sólo en lo que a la actuación de la corte que la dictó se refiere.''

El artículo 198 del Código Civil no fué derogado por el 295 del Código de Enjuiciamiento Civil, toda vez que este artículo no es de aplicación a sentencias o providencias ''que han adquirido expresamente el carácter de definitivas'', en el sentido en que se usa la palabra ''definitiva'' en el artículo 292; y de acuerdo con el artículo 198 del Código Civil la providencia ordenando la remoción de un tutor se entenderá definitiva en el sentido en que esa palabra es usada en el referido artículo 292.

*Debe desestimarse la apelación.*