MARÍA DEL ROSARIO ENJUTO, peticionaria, *v.* LA CORTE DE DISTRITO DE GUAYAMA, HON. GABRIEL CASTEJÓN, JUEZ, demandada.

No. 1055.—*Sometido:* Diciembre 9, 1934. *Resuelto:* Enero 15, 1936.

*Carlos J. Torres Laborde* y *Joaquín Vendrell,* abogados de la peticionaria.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Tenemos ante nos una petición de María del Rosario En-

juto, que es una ciudadana española y quien fué designada como tutora de Rafael Hernández González en un testamento otorgado por Mercedes González Garriga. El testamento fué en realidad otorgado en España, donde la testadora había vivido por espacio de varios años inmediatamente antes de su muerte, y donde nació y reside en la actualidad el menor. La testadora estaba casada con Rafael Hernández Usera y durante la existencia del matrimonio constituyó residencia en España. Posteriormente se divorció ante la Corte de Distrito de Ponce en 1926. De la petición y de los autos que tenemos a la vista se desprende que los principales bienes del menor, que no dejan de tener un valor crecido, son inmuebles radicados en Puerto Rico.

Con este testamento la peticionaria radicó solicitud ante la Corte de Distrito de Guayama para que se inscribiera su tutela, lo cual le fué concedido por la aludida corte de distrito. Más tarde el fiscal del distrito de Guayama compareció en el caso y alegó que dicha tutora era extranjera y por ende que de conformidad con el artículo 195 del Código Civil ella no podía desempeñar tal cargo; que la inscripción era nula y carecía de efecto legal; que de acuerdo con los artículos 195 y 196 del Código Civil debía cancelarse la inscripción; y que con motivo de la supuesta incapacidad debía removérsele de la tutela.

■■ * La Corte de Distrito de Guayama con fecha 21 de mayo de 1935 ordenó la remoción de la peticionaria en este caso. Una apelación fué desestimada por este tribunal por falta de jurisdicción, y entonces se radicó el presente recurso de *certiorari*. Los artículos 195 y 196 del Código Civil (edición de 1930) leen así:

"Artículo 195.—No pueden ser tutores:

"1.—Los que están sujetos a tutela.

"2.—Los que hubiesen sido penados por los delitos de asesinato, homicidio, robo, hurto, estafa, falsedad, perjurio, seducción, violación, estupro, rapto, corrupción de menores o escándalo público.

"3.—Los condenados a cualquier pena corporal, mientras no extingan la condena.

* Nota: Véase también la pág. 373 *et seq.*

"4.—Los que hubiesen sido removidos legalmente de otra tutela anterior.

"5.—Las personas de mala conducta o que no tuvieren manera de vivir conocida.

"6.—Los quebrados o concursados no rehabilitados.

"7.—Los que al deferirse la tutela, tengan pleito pendiente con el menor o anteriormente lo hubiesen tenido sobre el estado civil de éste.

"8.—Los que litiguen o hayan litigado con el menor sobre la propiedad de sus bienes, a menos que el padre o en su caso la madre, sabiéndolo, los hubiesen nombrado, sin embargo, tutor en su testamento.

"9.—Los que adeuden al menor sumas de consideración, a menos que con conocimiento de la deuda, hayan sido nombrados en testamento por el padre o en su caso por la madre.

"10.—El tutor testamentario que descuidare o abandonare el cumplimiento de los requisitos que son indispensables para empezar el ejercicio de la tutela.

"11.—Los extranjeros que no residan en Puerto Rico.

"12.—Los que hubiesen sostenido acusación criminal contra el menor o contra sus ascendientes o colaterales hasta el cuarto grado."

"Artículo 196.—Serán removidos de la tutela:

"1.—Los que, después de deferida ésta, incidan en alguno de los casos de incapacidad que mencionan los números 1, 2, 3, 4, 5, 6, 7, 8, 11 y 12 del artículo precedente.

"2.—Los que se ingieran en la administración de la tutela sin haber prestado fianza e inscrito la hipotecaria.

"3.—Los que no formalicen el inventario en el término y de la manera establecida por la ley, o no lo hagan con fidelidad.

"4.—Los que se conduzcan mal en el desempeño de la tutela."

Por tanto, es claro que en Puerto Rico un extranjero que no resida en la Isla no puede desempeñar el cargo de tutor, a menos que el caso de un tutor designado por testamento presente una excepción. La peticionaria por su abogado sostuvo que se trata de un testamento otorgado en España por una mujer allí residente en relación con un pupilo que también reside en España, y que bajo estas circunstancias una designación testamentaria hecha en aquel país debía prevalecer en Puerto Rico. Aparentemente los letrados insistían ante esta corte en que este testamento debe ser conside-

rado en la misma forma que de ordinario lo es un testamento extranjero. No estamos convencidos de que, especialmente cuando están envueltos bienes inmuebles aquí ubicados, podría prevalecer un testamento extranjero, aún por cortesía (*comity*) contra las disposiciones expresas de los artículos 195 y 196 del Código Civil, supra.

■ De los hechos ya expuestos se desprende que Mercedes González Garriga fué vecina de Puerto Rico hasta el momento en que constituyó su residencia en España; que su esposo era vecino y ciudadano de Puerto Rico, y que los autos nada revelan respecto a un cambio de domicilio o de ciudadanía por parte de ella, no importa los que éstos fueran antes de salir de Puerto Rico. Sin embargo, en su testamento ella dice que no ha perdido su ciudadanía portorriqueña, que lo es también la de su hijo. Nuestra conclusión necesariamente es que la testadora era y continuó siendo ciudadana de Puerto Rico.

■ Los letrados de la peticionaria también sostienen ante este tribunal que habiendo nacido en España Rafael Hernández González, y habiendo vivido allí casi continuamente, él no tiene ciudadanía portorriqueña separada; que es ciudadano americano sin tener necesariamente el *status* de ciudadano de Puerto Rico. No podemos ver esto. Los principios del derecho internacional privado son fuertemente al efecto de que la ciudadanía de un menor es la ciudadanía de sus padres, doquiera residan éstos. Ante la corte de distrito se adujeron otras alegaciones y argumentos, pero fueron abandonados o carecen de importancia.

■■ Aunque no se insiste mucho en ello, creemos que lo mejor para la peticionaria hubiese sido haber considerado este testamento claramente como un testamento portorriqueño y entonces aducir la proposición de que una persona designada como tutora por testamento no caía dentro de las prohibiciones de los artículos 195 y 196. El argumento sería que estas prohibiciones se aplican solamente al caso en que la corte es llamada a designar un tutor para un menor. Casi

universalmente el testamento de un finado es respetado y sus deseos cumplidos, y de ordinario no importa que la persona que otorga el testamento sea una mujer. Desde luego, este principio de intención se ha aplicado en lo atinente a la devolución de bienes, pero por lo menos acude a la imaginación de la corte que la testadora en este caso era el guardián natural de su propio hijo; que ella residía en España y allí lo educaba; que designó en su último testamento a un número de personas, todas españolas, para que actuaran como tutor en caso de que no sirviera la Srta. Enjuto. La corte inferior dijo:

"El fundamento de la tutora para que desestimemos la petición del Fiscal es que la testadora en su testamento referido en que nombra a su hijo menor heredero de todos sus bienes tanto de los radicados en España como de los radicados en Puerto Rico y en otros países, dispuso que el menor debería continuar residiendo y educándose en Madrid, lo que hace necesario que la tutora resida también en Madrid, ya que el propósito de la ley es que el tutor resida en el mismo sitio en que tiene su domicilio y residencia el menor y no en el sitio en que radican sus bienes, porque éstos pueden radicar en diferentes países, como ocurre en el presente caso. Alega que de acuerdo con el Derecho Internacional Privado, la persona del menor está fuera del poder de esta Corte de Distrito de Guayama, por tener dicho menor su domicilio y residencia en la República Española. Y que la testadora tenía derecho a nombrar un tutor para la administración de los bienes del referido menor, radicados en Puerto Rico, en atención a que el padre había perdido la patria potestad.

"En cuanto a la primera contención de la tutora, o sea la que se refiere a la falta de jurisdicción de esta corte sobre la persona del menor, ya hicimos constar en los comienzos de esta opinión que la tutora nombrada Srta. María del Rosario Enjuto, compareció ante esta corte y registró en ella su tutela, y desde ese momento entendemos que tanto ella como el menor, a virtud del dicho registro, quedaron sometidos a la jurisdicción de esta corte, así como a las leyes de Puerto Rico.

"Pensar que la tutora después de haber registrado su tutela ante esta corte, está fuera de la jurisdicción de la misma, y sometida únicamente a la dirección del Consejo de Familia que actúa en España, o de las cortes españolas, sería a nuestro juicio, una opinión equivocada.

"Si la tutora no hubiera comparecido ante esta corte a registrar su tutela, desde luego, que ella podría actuar libremente sin la intervención de esta corte, pero una vez que lo hizo, entendemos que tanto ella como el tutelado, están ante esta corte y sometidos a la jurisdicción de la misma.

"Y ya hemos dicho anteriormente, a mayor abundamiento, que de acuerdo con el Derecho Internacional Privado, las leyes que rigen con respecto a la tutela son las del tutelado; y en este caso, tanto por razón del estatuto personal como por razón del real, las leyes que cobijan al menor son las leyes de Puerto Rico.

"En cuanto al hecho de que la tutora (sic) haya hecho ciertas disposiciones en su testamento en relación con la custodia del menor, éstas no pueden en modo alguno destruir la ley, y así lo hace constar la misma testadora en la cláusula quinta de su testamento, al establecer la institución tutelar y manifestar lo siguiente:

" 'Quinta: Por si las incompatibilidades actuales desaparecieren de la ley designa a las siguientes personas para formar el organismo tutelar, etc. . .'

"Incompatibilidades que no podrían ser otras que la falta de capacidad de la tutora para ejercer su tutela en Puerto Rico, a virtud de su falta de residencia permanente aquí y la incapacidad en España de la misma por razón de su sexo.

"Se levanta por la representación de la tutora en este caso, la cuestión de la unidad de la tutela, es decir, de que sólo puede existir un tutor.

"Y en cuanto a este punto diremos que lo que se alega en este caso es únicamente que la tutora no tiene capacidad para desempeñar el cargo en Puerto Rico, solicitándose la remoción de la misma, sin que la petición envuelva la designación de dos tutores, ya que si la tutora hubiera cumplido con el requisito que exige la ley de que siendo una extranjera tenga su residencia habitual en Puerto Rico, la cuestión no hubiera sido levantada ante esta corte por el Fiscal, entendiendo que el aceptar el argumento de que la tutora ejerza sus funciones en Puerto Rico, residiendo en España, sería ir abiertamente contra las leyes de Puerto Rico, las que quedarían sin efecto ni valor legal alguno."

Lo que también nos mueve en este caso es que la custodia del menor le fué dada a la testadora en el procedimiento de divorcio, y que en recursos suplementarios el padre desistió de toda reclamación a la custodia del niño.

Según hemos dicho, no existe principio posible de cortesía (*comity*) aplicable al caso de autos, toda vez que éste es un procedimiento ante una corte de Puerto Rico en relación con un testamento portorriqueño. La única posibilidad es que los principios aplicables a la devolución de bienes sean aplicables a la custodia de un menor. Parece extraño que en un país de derecho civil con tradición romana, el testamento de una testadora no pueda tener fuerza obligatoria. No obstante el Parlamento español, en el artículo 237 del Código Civil, dispuso que no podían ser tutores los extranjeros que no residan en España, y esta misma disposición fué incluída en el artículo 195 de nuestro propio código civil. Es una cuestión de derecho positivo o de *lex scripta;* y la peticionaria no nos ha convencido de que la intención de un testador puede prevalecer sobre la política pública de un parlamento, especialmente por ser la cuestión de tutela testamentaria enteramente criatura del derecho escrito, antiguo o moderno. (Véase Scaevola, Código Civil, edición 1893, tomo 4, pág. 175.)

██ También podríamos referirnos al hecho de que los letrados de la peticionaria sostienen que ésta no podía ser removida en vista de que el artículo 195 sólo dice que determinadas personas no pueden ser nombradas, y que la remoción depende del artículo 196. Una lectura de este último artículo hace evidente que la mayoría de las exclusiones mencionadas en el 195 sirven de objeto a las remociones especificadas en el 196, y la ciudadanía extranjera es una de ellas.

No podemos hallar suficiente motivo para dejar sin efecto la resolución de la Corte de Distrito de Guayama y el *auto de certiorari expedido debe ser anulado.*