DOCTORA DOLORES PÉREZ MARCHAND, demandante y apelante, v. HON. EDUARDO GARRIDO MORALES, COMISIONADO DE SANIDAD y HON. COMISIÓN DE SERVICIO CIVIL DE PUERTO RICO, querellados y apelados.

No. 7293.—*Sometido:* Abril 7, 1936. *Resuelto:* Mayo 20, 1936.

*Alberto S. Poventud,* abogado de la aplante; *Hon. Procurador General B. Fernández García* y *T. Torres Pérez, Subprocurador,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR TRAVIESO, emitió la opinión del tribunal.

La demandante apelante solicitó de la Corte de Distrito de San Juan la revisión de una resolución dictada por la Comisión de Servicio Civil de Puerto Rico en un procedimiento incoado ante dicha comisión, de acuerdo con las disposiciones de la sección 28 de la Ley de Servicio Civil de Puerto Rico (Ley núm. 88 de 1931), que en lo pertinente lee así:

---

* NOTA: Véase el prefacio.

"Sección 28.—*Separaciones.*—Ninguna persona que ocupe una plaza o destino en el servicio clasificado será separada o despedida, salvo por causas justificadas y previa formulación de cargos, y no antes de dársele oportunidad para ser oída en defensa propia. Tales cargos serán presentados por cualquier funcionario superior, o por cualquier ciudadano, dentro de los treinta días después de su radicación, y serán considerados, investigados y resueltos por la Comisión de Servicio Civil.

"  . . . . . . . . . .

"Ninguna de las disposiciones aquí comprendidas limitará la facultad de ningún funcionario nominador, en cuanto a suspender o destituir a un subalterno por justa causa, en bien de la eficiencia del servicio, presentándose ante la Comisión, por escrito, las razones para la suspensión y dándose a la persona objeto de la separación debido aviso respecto a ésta y respecto a los cargos que se le formulan, así como la oportunidad de contestarlos por escrito y de presentar ante la Comisión la prueba correspondiente que juzgue necesaria para su defensa. . . . La resolución de la Comisión podrá, dentro de los treinta (30) días después de habérsele notificado al perjudicado, ser revisada por la Corte de Distrito de San Juan mediante una solicitud de revisión en la cual la Corte de Distrito podrá considerar todas las cuestiones de hecho y de derecho que en la misma se planteen, dictando, dentro de los treinta (30) días subsiguientes a la vista del caso, *sentencia que será definitiva.* . . ." (Bastardillas nuestras.)

El texto inglés de dicha sección dice: "Said judgment shall be final."

La moción ante nos alega que en 6 de febrero de 1936 la Corte de Distrito dictó una resolución confirmando la dictada por la Comisión de Servicio Civil, en la que se declaraba que los procedimientos seguidos por el Comisionado de Sanidad para separar de su cargo a la demandante apelante se habían ajustado a la ley; que de acuerdo con la sección 28 de la Ley de Servicio Civil, supra, la sentencia dictada por la corte de distrito es *final;* que el derecho de apelación es estatutario y no existe ley alguna que conceda a la apelante en este caso el derecho a establecer recurso de apelación para ante esta corte; y que la presente

apelación es inexistente y sin valor legal, debiendo por tanto ser desestimada.

La cuestión que debemos resolver es: ¿Tiene derecho un empleado público que ha sido separado de su cargo, a recurrir en apelación ante el Tribunal Supremo, para que éste revise la sentencia de la corte de distrito que confirma la resolución de la Comisión de Servicio Civil sosteniendo la legalidad y validez de su destitución?

Nuestra resolución dependerá de la interpretación que demos a las frases "sentencia que será definitiva" y "Said judgment shall be final", que aparecen, respectivamente, en los textos español e inglés de la sección 28 de la Ley de Servicio Civil, supra, y a las disposiciones del artículo 295 del Código de Enjuiciamiento Civil.

La parte apelante sostiene que no hay palabra o frase alguna en el texto de la sección 28 de la Ley de Servicio Civil que revele intención por parte del legislador de privar al perjudicado por la sentencia de la corte de distrito, del derecho de apelación para ante esta Corte Suprema que le concede el artículo 295 del Código de Enjuiciamiento Civil (ed. de 1933); y que la apelante en este caso tiene derecho a proseguir el recurso interpuesto, toda vez que la sentencia apelada es una sentencia definitiva (final) de la Corte de Distrito de San Juan.

El Código de Enjuiciamiento Civil dispone (bastardillas nuestras):

"Art. 295.—Podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito en los casos siguientes:

"1. *De una sentencia definitiva pronunciada en un pleito o procedimiento especial, comenzado en la corte que la hubiera dictado,* dentro de un mes después de haberse registrado la sentencia.

"2. *De una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior,* dentro de los quince días después de registrada dicha sentencia, si el valor de la

cosa reclamada o cuantía de la sentencia sin comprender frutos o intereses, excediera de trescientos dólares.

"3.—    *    *    *    *    *    *    *"

La primera condición que exige el código, para que una sentencia de una corte de distrito, dictada en un pleito o procedimiento comenzado ante ella, sea apelable ante el Tribunal Supremo es que la sentencia debe ser "definitiva", "final judgment".

La Corte Suprema de California, interpretando el artículo 939 del Código de Enjuiciamiento Civil de dicho Estado, que es el equivalente al 295 del nuestro, ha dicho:

"No puede haber más que una sentencia definitiva en un pleito, *y es aquélla que en efecto termina el pleito en la corte en que fué instituído,* y que finalmente adjudica los derechos de las partes en relación con el objeto de la controversia. Stockton etc. Works v. Ins. Co., 98 Cal. 577.

"La que parece ser la regla prevaleciente sobre la materia, ha sido claramente expresada por la Corte de Apelaciones Civiles de Texas, en el caso de Gulf City St. Ry. etc. Co. v. Becker, 23 S. W. Rept. 1015, como sigue: 'Una sentencia definitiva es aquélla que dispone de las materias en litigio entre todas las partes que están ante la corte cuando se dicta la sentencia. . . . Debe haber una adjudicación expresa sobre la materia en controversia, en cuanto a todas las partes demandantes y en cuanto a todas las partes demandadas; de lo contrario, no hay disposición definitiva de las materias en litigio entre las partes.' " Nolan v. Smith, 137 Cal. 360. (Bastardillas nuestras.)

La parte apelante basa su alegado derecho al recurso de apelación ante esta corte, en las disposiciones del artículo 295 del Código de Enjuiciamiento Civil, supra. Sostiene el apelado que no procede el recurso de apelación en este caso, por el motivo de que la sentencia apelada no ha sido pronunciada en un pleito o procedimiento especial comenzado en la Corte de Distrito de San Juan, y sí en un procedimiento especial iniciado ante la Comisión de Servicio Civil.

De acuerdo con el artículo 295 del Código de Enjuiciamiento Civil, se puede apelar al Tribunal Supremo de una

sentencia definitiva de una corte de distrito en los casos y dentro de los términos siguientes:

1. De una *sentencia definitiva* dictada en un pleito o procedimiento especial, *comenzado en la corte que la hubiera dictado,* dentro de los *treinta* días siguientes al del registro de la sentencia.

2. De una sentencia dictada en apelación interpuesta *contra una resolución de una corte inferior, dentro de quince días* después de registrada la sentencia, *si la cuantía de ésta excediere* de $300.00.

En el caso de *Venegas* v. *Corte,* 41 D.P.R. 108, un funcionario municipal destituído de su cargo por un alcalde, apeló para ante la corte de distrito, la cual revocó la decisión del alcalde. Este apeló para ante la Corte Suprema; y como la Ley Municipal no dispone una segunda apelación, el apelante invocó en apoyo de su recurso el artículo 295 del Código de Enjuiciamiento Civil. Esta corte dijo:

"No se trataba aquí de un pleito o procedimiento especial comenzado en la Corte de Distrito. El procedimiento se originó en la oficina del Alcalde. La sentencia de la Corte de Distrito fué dictada en la apelación de una orden del Alcalde. Nada hay que demuestre que *'el valor de la cosa reclamada o cuantía de la sentencia'* excediera de trescientos dólares. Nada hay que demuestre que se reclamara propiedad alguna. La sentencia no era por suma alguna. Nada hay que revele que estuviera envuelta cantidad alguna de dinero.

"La sentencia de la Corte de Distrito no era apelable, . . . ."

Más tarde, en *Venegas* v. *Corte de Distrito,* 41 D.P.R. 465, esta corte reconsideró su resolución dictada en *Venegas* v. *Corte,* supra, diciendo (bastardillas nuestras):

"Es cierto que el alcalde al considerar los cargos formulados por él o por cualquier otro y al destituir funcionarios administrativos de un municipio, actúa en un carácter *quasi judicial, pero como jefe ejecutivo y administrativo del municipio, es también parte interesada.* Si la llamada apelación se considera como un procedimiento especial incoado ante la corte de distrito y no como una apelación corriente contra la decisión de una corte inferior, el alcalde, al ser ordenado por la corte de distrito que reponga en su puesto al funcionario administrativo que ha suspendido de empleo, es parte per-

judicada dentro del significado del artículo 294 del Código de Enjuiciamiento Civil. Tal orden es substancialmente y en efecto un auto de *mandamus* y no existe razón para que el alcalde se vea privado de su recurso de apelación en un caso más que en el otro.''

En el caso de autos, *el procedimiento especial* en el cual la Corte de Distrito de San Juan dictó la sentencia apelada, fué incoado por la apelante ante la Comisión de Servicio Civil de Puerto Rico, integrada por tres miembros. El Comisionado de Sanidad, querellado y apelado, no forma parte de dicha comisión ni interviene en sus decisiones; es parte interesada en la resolución de la querella formulada ante la Comisión de Servicio Civil, dentro del significado del artículo 294 del Código de Enjuiciamiento Civil, pero no ha sido, ni ha podido ser, como en el caso del alcalde, en *Venegas* v. *Corte,* supra, juez de sus propias actuaciones. La razón que tuvo esta corte para admitir el recurso en el citado caso, la condición de juez y parte del que dictó la resolución original llevada en apelación ante la corte de distrito, no existe en el caso de autos, toda vez que la sentencia apelada fué dictada en un procedimiento que tuvo su origen ante una comisión que ejercía funciones *quasi* judiciales, y no en un procedimiento incoado originalmente ante la corte de distrito que dictó la sentencia apelada.

Debemos resolver, por lo tanto, que la sentencia recurrida no es apelable dentro de lo dispuesto en el apartado primero del artículo 295 del Código de Enjuiciamiento Civil.

Veamos ahora si cabe el recurso interpuesto al amparo de lo dispuesto en el apartado segundo del citado artículo.

Las funciones que ejerce la Comisión de Servicio Civil, por virtud de la sección 28 de la ley reguladora de sus actuaciones, son funciones de naturaleza judicial. El funcionario nominador formula ante ella por escrito las razones para la suspensión del subalterno, y éste presenta también por escrito su defensa en contra de los cargos que se le han formulado. Establecido así el *issue* entre las partes, la comisión procede entonces à practicar la prueba aducida por

una y otra parte y a dictar su resolución sosteniendo o anulando la destitución del subalterno. El perjudicado por la resolución puede recurrir a la Corte de Distrito de San Juan, solicitando la revisión de las cuestiones de hecho y de derecho planteadas en el proceso.

De lo expuesto se ve claramente que el procedimiento provisto por la Ley de Servicio Civil, para comprobar la legalidad o ilegalidad de la destitución de un funcionario público, es de carácter judicial o *quasi* judicial, pues requiere la presentación de alegaciones escritas, la sumisión de pruebas y el pronunciamiento de un fallo en favor de una u otra de las partes contendientes. Es indiscutible que en la tramitación de todo ese proceso, la comisión actúa como un organismo *quasi* judicial y no como un organismo administrativo. Podría argüirse que la sentencia dictada por la corte de distrito en la revisión de un proceso incoado ante la Comisión de Servicio Civil, es *una sentencia dictada en apelación interpuesta contra resolución de una corte inferior,* y como tal apelable para ante el Tribunal Supremo, a tenor de lo dispuesto en el segundo apartado del citado artículo 295. Y nos inclinaríamos a aceptar esa teoría y a conceder el derecho de apelación en un caso como el de autos, si no entendiésemos que de las mismas disposiciones legales que interpretamos se desprende claramente que ésa no ha sido la intención del legislador.

El citado apartado segundo, habla de *una sentencia dictada en apelación y no de una sentencia ''definitiva'' dictada en apelación.* Es evidente que la intención legislativa fué la de que toda sentencia dictada por una corte de distrito, en apelación contra una sentencia de una corte municipal, fuera apelable ante el Tribunal Supremo, siempre que la cuantía del caso exceda de $300.

Si el legislador hubiese tenido la intención de conceder al funcionario destituído, una segunda apelación para ante el Tribunal Supremo, no tenía necesidad de haber dicho que la

sentencia dictada por la Corte de Distrito en el proceso de revisión del fallo de la Comisión de Servicio Civil, tiene el carácter de *definitiva*. Esa intención de conceder una segunda apelación se hubiese expresado con mayor claridad y perfección, no usando las palabras *sentencia que será definitiva,* sin las cuales podría tal vez invocarse con éxito el derecho a sostener una segunda apelación de acuerdo con el apartado 2°. del artículo 295 del Código de Enjuiciamiento Civil.

No podemos presumir que el legislador haya usado palabras carentes de sentido o sin una finalidad práctica.

El artículo 292 del Código de Enjuiciamiento Civil, dice:

"Artículo 292.—Una sentencia o providencia, dictada en un pleito civil, *excepto cuando hubiere adquirido expresamente el carácter de definitiva,* podrá ser revisada de acuerdo con lo prescrito en este Código, y de ningún otro modo." (Bastardillas nuestras.)

Nos vemos obligados a llegar a la conclusión de que el legislador tuvo la intención expresa de dar a la sentencia de la corte de distrito el carácter de "definitiva", en el sentido en que esa palabra es usada en el citado artículo 292, para hacerla inapelable y poner así fin a la controversia. Véase: *Enjuto* v. *Pueblo,* 49 D.P.R. 14.

Además, de nada serviría a la apelante en este caso que reconociéramos su derecho a apelar ante esta corte, de acuerdo con lo provisto por el apartado 2°. del artículo 295 del Código de Enjuiciamiento Civil. Del récord de este caso aparece que la sentencia apelada fué dictada y registrada el día 6 de febrero de 1936, y que el escrito de apelación fué radicado en la Secretaría de la corte de distrito el día 6 de marzo de 1936, o sea a los treinta días después de registrarse la sentencia. El citado apartado dispone que la apelación deberá ser interpuesta dentro del término de quince días después de registrada la sentencia. Ese término había ya expirado cuando se interpuso el presente recurso.

*Debe declararse con lugar la moción de desestimación.*