RAFAEL HERNÁNDEZ USERA, peticionario y apelado, EX PARTE. MARÍA DEL ROSARIO ENJUTO, interventora y apelante.

Núm. 7545.—*Sometido:* Junio 21, 1937. *Resuelto:* Julio 30, 1937.

*Carlos J. Torres,* abogado de la apelante; *T. Bernardini de la Huerta,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Dos mociones se han presentado para que se desestime el recurso de apelación interpuesto en este caso, una por el peticionario y otra por el fiscal del distrito.

Se trata de un procedimiento iniciado al amparo del artículo 107 del Código Civil que, tal como quedó enmendado por ley de abril 18, 1935 (Leyes de ese año, pág. 251), dice así:

"Artículo 107.—En todos los casos de divorcio los hijos menores serán puestos bajo el cuidado y patria potestad de la parte a favor de la cual se hubiere dictado sentencia; pero el otro cónyuge tendrá derecho a continuar las relaciones de familia con sus hijos, en la manera y extensión que acuerde el tribunal al dictar sentencia de divorcio, según los casos.

"El cónyuge que haya sido privado de la patria potestad tendrá. derecho a recobrarla por declaración judicial si se acreditare ante cualquier corte de distrito competente el fallecimiento del cónyuge inocente y la circunstancia de haberse decretado el divorcio por causas que no sean las que se determinan en los apartados 7 y 8 del artículo 96 del Código Civil de Puerto Rico, edición de 1930, según. fué enmendado por Ley Núm. 46, de mayo 9, 1933 (Art. 164, ed. de 1902), siempre que se mostrare, además, a satisfacción del tribunal que a los mejores intereses y bienestar del hijo conviene la. recuperación por el cónyuge supérstite de la patria potestad."

En la moción del peticionario se sostiene que la apelación debe desestimarse porque la sentencia no es apelable y porque el recurso es frívolo, por los siguientes motivos:

"(a) Porque la relación del caso, opinión y sentencia que en esta moción se transcriben, no acusan conflicto alguno en la evidencia. que pueda ser resuelto en apelación.

"(b) Porque las cuestiones de derecho propuestas por la interventora ante el Tribunal *a quo* y determinadas por la sentencia, han sido ya resueltas por este Honorable Tribunal Supremo en sentido adverso a las pretensiones de dicha interventora en los casos de. *Enjuto* v. *El Pueblo,* 49 D.P.R. 14 y *Enjuto* v. *Corte,* 49 D.P.R.. 370, sin que sea necesaria una ulterior argumentación.

"(c) Porque la cuestión de derecho sobre retroactividad de la. Ley, base de la sentencia, levantada por la interventora y resuelta por la Corte en la resolución apelada no necesita tampoco ulterior determinación toda vez que resulta del mismo lenguaje de la Ley número 44 de 18 de abril de 1935, sancionadora del derecho de vuestro peticionario a la recuperación de la patria potestad.

"(d) Porque de acuerdo con las premisas, a mayor abundamiento, la actitud asumida por la apelante, como interventora, sólo resulta en que el objeto de su recurso es el dilatar los procedimientos de este caso, a sabiendas de que su interés en el asunto, invocado para intervenir, ha cesado de existir, cuestión determinada por este Hon. Tribunal al establecer de un modo definitivo la incapacidad de dicha interventora para el ejercicio de la tutela, según resulta de los casos citados, *Enjuto* v. *El Pueblo* y *Enjuto* v. *Corte*, 49 D.P.R. 14 y 370 supra. En cuya virtud la cuestión de que pudiera depender este recurso, es de tal manera insustancial que no requiere una ulterior determinación."

A la moción del fiscal se acompañó copia certificada de la relación del caso y opinión, de la sentencia y del escrito de apelación. La moción se basa en que la sentencia no es apelable, en que el recurso no se notificó al fiscal ni al tutor dativo del menor y en que es frívolo.

La interventora presentó dos escritos oponiéndose a ambas mociones.

Al impugnar la del peticionario sostiene que si bien es verdad que no existe evidencia contradictoria, la apelación se basará en la falta de apreciación de prueba no contradicha demostrativa de hechos esenciales alegados por la interventora, en que no es cierto que las cuestiones de derecho suscitadas hayan sido resueltas por este tribunal y en que la cuestión de no retroactividad de la enmienda al artículo 107 del Código Civil no es frívola porque está envuelta la pérdida para el hijo del usufructo de sus bienes y porque la ley no dice que tenga efecto retroactivo siendo la regla en tal caso que no lo tiene, especificando como algunas de las cuestiones envueltas las que siguen:

1, carencia de poderes extraterritoriales de parte del Pueblo de Puerto Rico sobre personas fuera de su territorio, artículo 1 Ley Orgánica y 3 y 4 Código Político; 2, no facultad del Pueblo de Puerto Rico para regir la persona de un menor fuera de su territorio, habiendo dicho menor nacido en España, donde estaban domiciliadas la madre y su guardián legal y donde el menor continúa residiendo, artículos 3, 4 y

11 Código Político, 13 Cal. Jur. 147; 3, falta de poder en la corte de distrito para designar tutor dativo a un menor que nació y ha estado siempre domiciliado en España; 4, capacidad actual de la Srta. Enjuto para actuar como tutora ya que habiendo adquirido residencia en la isla dejó de existir la incapacidad a que se refiere la decisión de esta corte en *Enjuto* v. *Corte,* 49 D.P.R. 370; 5, ineficacia de la sentencia de la corte de distrito en cuanto al régimen de la persona del menor no residente por carecer de fuerza coercitiva extraterritorial residiendo como reside el menor en España donde está en todo su vigor el testamento materno por el cual nombró tutora y único guardián legal de su hijo el menor a la Srta. Enjuto; 6, celebración de un nuevo matrimonio por parte del peticionario, artículo 164 Código Civil enmendado en 1931, leyes 1931, pág. 577; 7, falta de citación al menor que es mayor de catorce años; 8, no tratarse de resolver derechos reales sino personales; y 9, no haberse seguido el debido procedimiento de ley.

Y al impugnar la del fiscal sostiene que debe declararse sin lugar porque el fiscal no es el representante del Pueblo de Puerto Rico en el procedimiento, porque la sentencia dictada es apelable, porque el escrito interponiendo el recurso no tenía que notificarse al fiscal ni al tutor dativo que no son partes adversas en el procedimiento y porque la apelación no es frívola.

De tal modo quedó la cuestión de desestimación sometida a nuestra consideración y resolución en junio 21 último.

Sólo tenemos ante nos en forma auténtica y fehaciente las copias de la relación del caso y opinión, de la sentencia y del escrito de apelación. Por la primera se viene en conocimiento de que el asunto se inició por Rafael Hernández Usera alegando su matrimonio con Mercedes González Garriga, el nacimiento de su hijo el menor Rafael, el divorcio solicitado por su esposa y decretado por la corte por trato cruel e injurias graves, quedando el hijo bajo el cuidado y patria po-

testad de la madre, el fallecimiento de ésta en España y su derecho a recuperar la patria potestad basado en la enmienda de 1935 al artículo 107 del Código Civil, exponiendo como motivos que abonan una resolución favorable que el menor es dueño de cuantiosos bienes, que el hijo está en la edad de consolidar su educación y nada mejor para su bienestar que permanecer al lado de su padre que siempre mantuvo con él relaciones de afecto y es persona juiciosa y bien reputada que ha desempeñado y desempeña cargos públicos de importancia.

Sigue exponiéndose en la relación del caso y opinión que María del Rosario Enjuto previo permiso de la corte radicó demanda de intervención oponiéndose a lo solicitado por el promovente, que éste contestó, que se celebró una vista al terminar la cual la interventora archivó un escrito de impugnaciones de derecho, que el tutor dativo radicó su contestación manifestando que en términos generales nada tenía que oponer a la solicitud por considerarla una cuestión de ley encomendada a la apreciación de la corte, que a la vista compareció el fiscal del distrito por tratarse de un caso referente a un menor de edad y manifestó que no se oponía a la solicitud y que en la vista el peticionario y la interventora presentaron prueba, resumiendo la testifical.

Procedió entonces a hacer la declaración de hechos probados y a considerar y resolver las cuestiones de derecho levantadas por la interventora. El documento termina así:

"Por todo lo anteriormente expuesto, y teniendo muy especialmente en cuenta que el factor dominante en el ejercicio por las cortes del poder de 'Parens Patriæ' es el bienestar del hijo, la Corte llega a la conclusión de que, a los mejores intereses y bienestar del menor Rafael José Edmundo Hernández González conviene la recuperación, por el cónyuge supérstite Rafael Hernández Usera, de la patria potestad sobre su referido hijo. Y que, procede, por consiguiente, dictar una sentencia declarando con lugar la petición de Rafael Hernández Usera, con imposición de costas a la interventora, de acuerdo con lo dispuesto en la Ley número 69 de 1936, pero sin incluir honorarios de abogado."

Se dictó en efecto la sentencia en mayo 3, 1937, y se archivó el escrito de apelación en junio primero siguiente con prueba de su notificación al abogado del promovente.

¿Es apelable la sentencia?

Nada dice expresamente el propio artículo enmendado. Forma parte del capítulo quinto, que trata especialmente de los "efectos del divorcio", del título dedicado por el Código Civil a regularlo.

Para que surja el caso del párrafo segundo, esto es, para que se pida lo que aquí pidió el promovente, se requiere que se haya dictado anteriormente una sentencia decretando el divorcio. Y la ley general estableciendo el derecho de apelación en asuntos civiles que lo es el Código de Enjuiciamiento Civil de Puerto Rico en su artículo 295, párrafo 3, prescribe que se puede apelar "de una providencia especial dictada después de sentencia definitiva." En una extensión mayor dispone dicho artículo en su párrafo primero que se puede apelar de una "sentencia definitiva pronunciada en un pleito o procedimiento."

Bien se considere la sentencia que en definitiva y contra la oposición de la interventora decidió que el peticionario recobrara la patria potestad que había perdido por la sentencia de divorcio como la sentencia definitiva dictada en un procedimiento o ya se le dé la consideración de providencia especial dictada después de sentencia definitiva, es apelable a nuestro juicio. *Garzot* v. *Garzot, y National City Bank, int.,* 49 D.P.R. 350.

Para basar su contención de que la sentencia no es apelable sostiene el peticionario que se trata de la adopción de una medida que se deja enteramente a la discreción de la corte sentenciadora y que en tales casos no intervienen las cortes de apelación. Como autoridades cita 2 R.C.L. 211 y 4 C. J. 796.

Hemos leído lo que dicen las citas y no sostienen a nuestro juicio la contención del peticionario. Ambas forman

parte del tratado sobre apelaciones de las dos obras y lo que establecen es la regla bien conocida de que en ausencia de un claro abuso de discreción las materias cuya decisión está sujeta a la discreción de la corte sentenciadora, no son revisables en apelación. Ello no quiere decir que la apelación no exista. Quiere decir que dentro de ella como tantas veces sucede cuando se llega a una cuestión discrecional se sostiene lo resuelto a menos que se demuestre un claro abuso de su poder por parte de la corte.

En *Mahone* v. *Williams*, 39 Ala. 202, 212, que es uno de los casos citados por Corpus Juris, se resolvió:

"Muchos actos, realizados bajo poderes discrecionales, son revisables. Así pues, los decretos dictados en pleitos sobre cumplimiento específico y aquéllos en que se fija la cuantía de los alimentos provisionales, son revisables, no obstante estar relacionados con una autoridad discrecional. . . . Mas, por regla general, de no ser por regla universal, esa facultad discrecional que una corte con jurisdicción original sobre una causa ejerce sobre las cuestiones que surgen durante el curso de un juicio, y que atañen a su conducta, no es revisable. Ejemplos de tales cuestiones surgen al hacerse solicitudes de prórrogas, radicación de alegaciones, enmiendas de alegaciones, prórrogas para contestar interrogatorios, mociones de traslado, de nuevo juicio, etc." 4 C. J. 797.

Y en el propio texto de Ruling Case Law que se invoca, se dice:

"La palabra discreción, usada en este sentido, significa la facultad de la corte para decidir la cuestión específica que está ante ella, de acuerdo con su sentido de justicia y rectitud, facultad que, sin embargo, sólo puede ser ejercida en consonancia con la ley o con los principios de equidad, según sea el caso. Cuando el juez sentenciador no actúa dentro de los límites de sus facultades a ese respecto, no ejerce una discreción judicial y su actuación está sujeta a ser revocada por la corte de apelación. Sea ello como fuere, se verá que la corte de apelaciones debe revisar la actuación de la corte inferior para determinar si ésta ha ejercido una discreción judicial y si halla que esa discreción, conforme se ha definido más arriba, no ha sido ejercida, como cuando el proceder de la corte inferior es arbitrario, o usando lenguaje más familiar, si encuentra que ha

habido un abuso claro de discreción, no vacilará en ordenar la revocación." 2 R. C. L. 212.

■ No creemos que hubiera necesidad de notificar el recurso al fiscal. Nada expresamente exige la ley sobre ese extremo. Y de que el fiscal pueda ser llamado a intervenir en esta clase de asuntos, no se deduce que sea parte necesaria en ellos. En un caso de divorcio en el cual se pidió la desestimación del recurso por no haberse notificado el escrito interponiéndolo al fiscal, esta corte declaró no haber lugar a la desestimación. *Arce* v. *Lebis*, 48 D.P.R. 402. Y aquí se trata de un procedimiento para modificar una sentencia en un caso de divorcio a virtud de un hecho ocurrido posteriormente que de acuerdo con la ley puede dar lugar a ello. Si el fiscal no era una parte necesaria cuando se privó al peticionario de la patria potestad, no hay razón para que lo sea cuando se le restablece en ella.

■ Tampoco estamos convencidos de que el tutor dativo dada la actitud que según el único documento que se ha elevado a esta corte aparece que asumiera, sea una parte adversa a la que debió notificarse el escrito de apelación para dar jurisdicción a esta corte.

■ Resueltas las cuestiones jurisdiccionales, falta sólo considerar si es o no frívola la apelación.

Admite la interventora apelante que no hubo prueba contradictoria que apreciar. Su demanda transcrita íntegra en la relación del caso y opinión es como sigue:

"Comparece María Rosario Enjuto, por su abogado que suscribe, y presenta esta demanda enmendada de intervención que la funda en los siguientes hechos:

"1.—Que doña Mercedes González Garriga, vecina que fué de la ciudad de Madrid, España, contrajo matrimonio con el peticionario en este caso, don Rafael Hernández Usera allá por el año 1919 en la ciudad de Guayama, Puerto Rico, y según información y creencia de la demandante interventora, dicho matrimonio fué inscrito en el Registro Civil de la expresada ciudad.

"2.—Que durante el matrimonio de doña Mercedes González Garriga y el peticionario don Rafael Hernández Usera, procrearon

un solo hijo llamado Rafael Hernández González, quien en la actualidad tiene 14 años menos dos meses de edad, reside en la ciudad de Madrid, España, bajo el cuidado, custodia y protección de esta demandante interventora, como tutora de dicho menor.

"3.—Que según información y creencia de esta demandante interventora, doña Mercedes González Garriga, allá por el mes de octubre de 1926, siguió ante la Corte de Distrito del Distrito Judicial de Ponce, Puerto Rico, una acción civil contra el peticionario don Rafael Hernández Usera, sobre divorcio fundada en la causal de trato cruel, y la expresada Corte de Distrito de Ponce, Puerto Rico, en el mes de octubre, año de 1926, dictó sentencia declarando con lugar la demanda de divorcio, decretando la disolución del vínculo matrimonial existente entre dicha doña Mercedes González Garriga y el peticionario y disponiendo que el menor don Rafael Hernández González, habido en tal matrimonio, quedara bajo la patria potestad de su madre doña Mercedes González Garriga.

"4.—Que allá por el 12 de octubre de 1934 doña Mercedes González Garriga otorgó su testamento en la ciudad de Madrid, España, ante el notario don Alejandro Arizcum y Moreno, y en el cual testamento, instituyó como su único y universal heredero de todos sus bienes, a su menor hijo don Rafael Hernández González, y nombró tutora de dicho menor a la aquí demandante interventora con todas las facultades conferidas por la ley y relevándola de prestación de fianza.

"5.—Que por la cláusula cuarta del mencionado testamento ordena la testadora que ni el peticionario don Rafael Hernández Usera, ni persona alguna de la familia de dicho peticionario, pueda formar parte de organismo tutelar, guarda ni representación de la persona y bienes del menor don Rafael Hernández González; y por la cláusula 5a. del ameritado testamento, la testadora dispuso que su citado menor hijo, deberá vivir y educarse en la República Española, con arreglo a las leyes que gobiernan y rigen la tutoría en la expresada República y bajo el cuidado y custodia de la demandante interventora, como tutora del citado menor.

"6.—Que doña Mercedes González Garriga, madre del menor don Rafael Hernández González, falleció en la ciudad de Madrid, España, el día 17 de octubre de 1934, y desde la fecha del fallecimiento de la Sra. González Garriga, la demandante interventora entró en el ejercicio de la tutela para la que fué nombrada, se hizo cargo de la custodia y cuidado del menor don Rafael Hernández González como tutora del mismo y en la actualidad lo tiene la demandante

interventora bajo su custodia y cuidado en la ciudad de Madrid, España, donde continúa sus estudios el expresado menor.

"7.—Que don Rafael Hernández Usera ha presentado ante esta Corte una petición, que bajo el número 11,006, ha sido radicada en el registro de causas civiles de esta Corte, alegando entre otros hechos, que de acuerdo con lo preceptuado en la ley Núm. 44 de 18 de abril de 1935, tiene derecho a recobrar la patria potestad sobre su menor hijo Rafael Hernández González; que el citado menor tiene cuantiosos bienes, de los cuales la mayor parte de los mismos, forma parte de la sociedad agrícola industrial 'Sucrs. de José González & Co., S. en C.,' montante a $162,000.00; que el citado menor está en la edad de consolidar su educación bajo la dirección de persona que pueda velar mejor por sus intereses, y que por razones de afecto, lazos directos de familia, etc., esta dirección y cuidado del menor debe. confiarse al peticionario por ser el padre de dicho menor; y alega la demandante interventora que la Ley Núm. 44 aprobada en 18 de abril de 1935, que invoca el peticionario, no es de aplicación a un caso como el presente, ni concede derecho alguno a dicho peticionario para recuperar la patria potestad del menor Rafael Hernández González, ya que dicha ley no tiene ni puede tener efecto retroactivo, y que, además, perjudicaría los derechos adquiridos y ejercitados por la finada doña Mercedes González Garriga al amparo de una legislación anterior, como lo es el de nombrar tutor testamentario a su menor hijo don Rafael Hernández González, derecho que ejercitó la mencionada doña Mercedes González Garriga a favor de esta demandante interventora, porque expresamente prohibe en su testamento, que ni el peticionario ni persona alguna de su familia pueda formar parte del organismo tutelar, guarda ni representación de la persona del menor, y que de concederle al peticionario el derecho que solicita, sería contrariar los deseos manifiestos de la testadora, ya que la voluntad de la testadora doña Mercedes González Garriga es la ley suprema en lo que respecta a la guarda de su menor hijo y administración de sus bienes.

"8.—Y alega la demandante interventora que don Rafael Hernández Usera, con anterioridad a su solicitud sobre recuperación de patria potestad, presentó en la Corte de Distrito de San Juan una solicitud sobre sentencia declaratoria en el caso civil número 22,346, pidiendo que a base de la legislación existente a la fecha de la referida petición, se declarase su derecho a recuperar la patria potestad sobre su hijo menor Rafael Hernández González, solicitud que fué declarada sin lugar por sentencia que dictó la referida Corte

de Distrito de San Juan, copia de la cual obra unida a los autos de este pleito y se hace formar parte de esta demanda enmendada.

"9.—Que la patria potestad que solicita el peticionario en este caso don Rafael Hernández Usera, sometería a la autoridad y discreción del peticionario la administración de los bienes del menor Rafael Hernández González, y haría perder a dicho menor el usufructo de dichos bienes, que conforme a la Ley una vez concedida la patria potestad, pertenecería a dicho peticionario y cuyo total ascendería razonablemente a una suma mayor de $70,000 en el tiempo que falta al menor para llegar a su mayoridad.

"10.—Que el menor Rafael Hernández González ha quedado fuera de la patria potestad de su señora madre por fallecimiento de ésta, y el peticionario don Rafael Hernández Usera está impedido para solicitar que se le restituya en la patria potestad del referido menor porque tal patria potestad la perdió para siempre al dictarse sentencia en su contra en la acción de divorcio seguida por la que fué su esposa, la finada doña Mercedes González Garriga contra el referido peticionario, y está impedido de solicitar la recuperación de dicha patria potestad, ni puede ampararse para reclamar este derecho en la Ley número 44 de 18 de abril de 1935.

"11.—Y alega la demandante interventora que la sentencia que dictó la Corte de Distrito de San Juan en el caso civil número 22,346 de Rafael Hernández Usera, peticionario, ex-parte, sobre petición para que se dicte resolución declaratoria, es firme a la fecha de esta demanda de intervención y a la fecha de haberse interpuesto la petición en el caso arriba titulado, y surte el efecto de cosa juzgada en cuanto a que el menor Rafael Hernández González es parte interesada en la petición de don Rafael Hernández Usera sobre recuperación de patria potestad por no haber sido notificado de aquel procedimiento ni de el de ahora instituído por el ameritado don Rafael Hernández Usera.

"12.—Y alega por último la demandante interventora que esta Corte carece de jurisdicción para conceder al peticionario don Rafael Hernández Usera su derecho de recuperación de la patria potestad perdida, porque el único perjudicado sería el menor Rafael Hernández González, quien no ha sido notificado en ninguna de las formas legales de la petición interpuesta en el presente caso ni dicho menor ha comparecido en forma alguna ante este Tribunal ni en ninguno de los tribunales de la Isla, y además porque el ameritado menor está bajo la guarda y custodia de la demandante interventora como

tutora testamentaria del mencionado menor, y contra la cual no se ha seguido ningún procedimiento válido relacionado con el ejercicio de su tutela.

"POR LAS RAZONES EXPUESTAS, la demandante interventora solicita de la Hon. Corte con vista de esta demanda enmendada de intervención y de las pruebas que en apoyo de la misma presente en su día, se sirva declarar con lugar esta demanda de intervención y sin lugar la petición de don Rafael Hernández Usera sobre recuperación de la patria potestad del menor Rafael Hernández González, con imposición de las costas, desembolsos y honorarios de abogado al peticionario."

Partiendo de la base de que todo lo alegado por la interventora es cierto, creemos que aparece tan claro que no tiene razón al insistir en que se niegue al padre la recuperación de la patria potestad, que resultaría injusto mantener vivo el recurso cuando sus méritos a virtud de la moción de desestimación han sido impugnados por el peticionario, expuestos y defendidos ampliamente por la interventora y estudiados y aquilatados por nosotros. De hecho fué anticipada la vista del recurso en su fondo.

¿Actuó sin jurisdicción la corte por no haberse citado al menor? Entendemos que no, y para fundar la negativa transcribiremos las propias razones que tuvo y expuso el propio juez sentenciador. Son así:

"La primera cuestión, que está contenida en las alegaciones 8a., 9a., 11a. y 12a. de la 'Demanda de Intervención', es la de que el menor Rafael Hernández González *es parte interesada en este procedimiento,* está fuera de Puerto Rico, no ha sido citado ni ha comparecido en forma alguna, y que, por tales motivos, esta Corte no ha adquirido *jurisdicción* sobre la persona del referido menor.

"La Ley número 44 de 18 de abril de 1935, que dejamos transcrita, determina el procedimiento a seguir para recuperar la patria potestad. Es el siguiente:

" '*Ante cualquier corte de distrito competente* se acredita el fallecimiento del cónyuge inocente y la circunstancia de haberse decretado el divorcio por alguna causa, que no sea de las determinadas en los apartados 7 y 8 del artículo 96 del Código Civil de Puerto Rico, según quedó enmendado por la Ley núm. 46, de mayo 9 de

1933; se demuestra, además, a satisfacción del tribunal, que a los mejores intereses y bienestar del hijo conviene la recuperación por el cónyuge supérstite de la patria potestad, y la Corte dicta una declaración judicial de recuperación de la patria potestad.'

"El trámite establecido por dicha Ley es meramente un procedimiento ex-parte que se desarrolla entre la actuación del cónyuge privado de la patria potestad y la sana discreción de la Corte, después de tomar en consideración la evidencia relativa a los requisitos exigidos por el estatuto.

"El presente caso se convirtió en contencioso, porque intervino en él María del Rosario Enjuto alegando sus derechos a la tutela testamentaria del menor Hernández González: Tutela *versus* Patria Potestad.

"El menor Hernández González es el objeto de la contienda judicial, pero en ningún sentido es parte interesada o necesaria en el procedimiento, como no lo fué en el juicio de divorcio en que uno de sus progenitores fué privado de su patria potestad.

"Tampoco es parte un menor en un procedimiento judicial sobre establecimiento de su tutela.

"El procedimiento en estos casos no está sujeto a la voluntad adversa o favorable del menor, sino a la acción protectora de la Corte, en el ejercicio de los deberes y derechos del 'Parens Patriæ'.

"Carece de importancia, a nuestro juicio, la alegación de que al recuperar Rafael Hernández Usera la patria potestad sobre su menor hijo, éste perdería el usufructo de sus bienes, el que pasaría al peticionario; y carece de importancia, repetimos, porque, según el ilustre jurisconsulto Sánchez Román, 'el contenido de la patria potestad es un conjunto de derechos y deberes de los padres para con los hijos y de éstos para con los padres'. Y el usufructo que tienen los padres sobre los bienes de los hijos que están bajo su patria potestad es correlativo de la obligación que tienen los padres de mantenerlos, educarlos, etc., y constituye una asignación dispuesta por la ley para que los padres puedan atender a aquellas necesidades creadas por sus deberes para con los hijos. Si, al perder Hernández Usera por la sentencia de divorcio la patria potestad, perdió también el usufructo a ésta inherente, es lógico que, al recuperarla, recobre automáticamente el usufructo, sin que en esta última actuación sea necesaria la intervención del menor, como no lo fué en el pleito de divorcio.

"Carece, pues, de todo fundamento la alegación de falta de jurisdicción de esta Corte sobre la persona del menor."

 ¿Es aplicable al caso del peticionario la ley tal como quedó enmendada en 1935? Entendemos que sí, y para sostener la afirmativa, transcribiremos también las propias razones de la corte sentenciadora tales como constan en su relación del caso y opinión. Fueron:

"De la simple lectura de la referida Ley resulta claramente expresado que tiene efecto retroactivo. Empieza así el párrafo segundo de la Ley:—

" 'El cónyuge *que haya sido privado* de la patria potestad tendrá derecho a recobrarla por declaración judicial, etc.'

"El pretérito perfecto de subjuntivo (*haya sido privado*) se refiere claramente a hechos ocurridos con anterioridad a la aprobación de dicha Ley."

Todas las repetidas impugnaciones de la interventora a las mociones de desestimación relativas a la falta de jurisdicción de la corte con respecto al menor y de facultades para regular su custodia, presentadas dichas impugnaciones desde todos los ángulos imaginables, caen por su base ante el hecho de que aquí se trata de un matrimonio de puertorriqueños contraído en Puerto Rico y disuelto en Puerto Rico y de un menor puertorriqueño que no obstante residir como reside en el extranjero está sometido a las leyes de Puerto Rico que son para él obligatorias, según de modo terminante prescribe el artículo 9 del Código Civil, a saber:

"Artículo 9.—Las leyes relativas a los derechos y deberes de familia, o al estado, condición y capacidad legal de las personas, obligan a los ciudadanos de Puerto Rico, aunque residan en países extranjeros."

Y una ley obligatoria para el menor lo es la enmienda de 1935 al artículo 107 del Código Civil.

 En cuanto al status de la interventora sólo cabe decir que es cosa ya juzgada por esta Corte Suprema. En el caso de *Enjuto* v. *Corte,* 49 D.P.R. 370 esta corte lo consideró ampliamente y decidió que no era válido su nombramiento de tutora del menor de que aquí se trata hecho en su testamento por la madre del mismo.

■ Se alega que la causa que hacía nulo el nombramiento ha desaparecido porque la tutora reside ahora en Puerto Rico. No nos convence el argumento pero aunque la interventora tuviera en ello razón nos encontraríamos siempre con que cuando ella adquirió su residencia y hubiera podido desempeñar su cargo ya estaba en vigor el artículo 107 enmendado del Código Civil que determina que en los casos de divorcio puede el cónyugue que fué privado de su patria potestad recobrarla a la muerte del cónyugue a quien le fué conferida.

■ En cuanto al juicio de la corte sentenciadora sobre el hecho de que a los mejores intereses y bienestar del hijo conviene la recuperación por el cónyugue supérstite de la patria potestad en este caso, no se impugna, y debemos presumir que la corte hizo buen uso de su discreción al apreciar la prueba y las circunstancias todas que en el caso concurren para decidir la cuestión en la afirmativa.

*Por virtud de todo lo expuesto debe desestimarse, por frívolo, el recurso, y confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.